**CLIFTON D. MAYHEW, INC.**

v.

**PAINTERS & GLAZIERS' DISTRICT COUNCIL NO. 51 et al.**

Civ. A. No. 75–316–A.

United States District Court,
E. D. Virginia,
Alexandria Division.

Sept. 26, 1975.

———◆———

Francis J. Pelland, Washington, D. C., for plaintiff.

Ernest J. White, Falls Church, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

The matter comes before the Court on plaintiff's motion for reconsideration of the Court's oral findings delivered from the bench on August 15, 1975. Oral arguments by counsel led the Court to the conclusion that the motion is more properly one for clarification.

The Court's oral ruling on the motion for summary judgment was premised on the opinion of the United States Court of Appeals for the Fourth Circuit in the case of *Mangum et al. v. A–1 Painting Contractors,* 477 F.2d 593, decided on May 16, 1973. As the Court interprets that holding, the United States Court of Appeals for the Fourth Circuit concluded that an employer subject to the collective bargaining agreement under consideration in that cause was under no duty to make contribution to the union trust fund for "temporary employees." That holding, and this Court's holding in the instant case, was premised on the conclusion that "temporary employees" were not covered by the bargaining agreement, and that the trust agreement under consideration was not intended to broaden the employers duty to contribute beyond that obligation which was set forth in the bargaining agreement. In short, it was the opinion of that Court and this Court that this finding effectively precludes the union's right to alter the employer's obligation under the bargaining agreement by virtue of a unilateral amendment to the trust agreement. It was not this Court's conclusion that it would be appropriate to require a contribution to the trust fund for temporary employees who did the work of apprentice painters or journeymen.

A study of the *A–1* case shows that the temporary employees involved therein did in fact perform the work of apprentice painters and yet the Court concluded that contribution for them was not required.

The confusion, if any, in the instant case, is undoubtedly premised on the Court's statement, "temporary employers are not . . . they are not obligated to make contributions on behalf of temporary employees unless they come within the division of journeymen and whatever it is . . . ." The Court appreciates counsel's instant inquiry. Not

only was that statement at the outer limits of grammatical error, but, additionally, extremely confusing.

■ The motion for summary judgment requested a conclusion by this Court to the effect that the plaintiff was entitled to judgment as a matter of law. Plaintiffs are entitled to a judgment to the effect that it is not required to make contributions to the defendant trust fund on behalf of "temporary employees." This, in effect, results in a partial summary judgment. The balance of plaintiff's motion is disposed of by a declaration which the Court now makes to the effect that in regard to any employees of the plaintiff who are in fact journeymen and apprentice painters, and not "temporary employees," contributions to the trust fund on their behalf are to be made. The Court now declares that the plaintiff is not obligated to contribute to the trust fund on behalf of any employees designated as "temporary employees." The mere fact that such employees do the work of apprentice painters or journeymen does not alter this conclusion.

An appropriate order will issue.