**BALLARD & ASSOCIATES, INC., et al.,**
**Appellants,**

**v.**

**J. Albert MANGUM et al.,**
**Appellees.**

**No. 9637.**

District of Columbia Court of Appeals.

Argued Oct. 14, 1976.

Decided Jan. 14, 1977.

A. Fred Freedman, Washington, D. C., for appellants. Francis J. Pelland, Washington, D. C., also entered an appearance for appellants.

John J. McBurney, for appellees.

Before GALLAGHER, YEAGLEY and MACK, Associate Judges.

YEAGLEY, Associate Judge:

This is an appeal from the denial of an injunction requested to enjoin arbitration of a dispute between the parties over employer contributions to a labor trust fund. Appellants are painting contractors, and appellees are trustees of a Painters' Trust Fund; the fund was established under Article X of the collective bargaining agreement between the contractor/employers and the Union Painters and Glaziers District Council No. 51. As parties to the collective bargaining agreement, appellants agreed to make regular contributions to the fund. The main dispute between the parties arises over the issue of whether the appellants are required to contribute to the fund for "temporary employees".[1] The issue before the court is whether appellees should be enjoined from forcing appellants

---

1. A "temporary employee" is a person hired by the contractor to do the work of a journeyman or an apprentice. He can only be hired when the union is unable to refer one of its member journeymen or apprentices to the contractor; he must be replaced when a referral becomes available. Art. III, section 2, collective bargaining agreement.

to arbitrate the merits of this dispute before the American Arbitration Association. To resolve this appeal we must answer the following questions:

(1) Are appellants required to contribute to the trust fund for temporary employees?

(2) Can the trustees compel arbitration of disputes under the trust agreement?

(3) Can the trustees compel arbitration on the issue of contractor contributions to the trust fund for temporary employees?

## I.

■ The first issue, the merits of the contributions claim, was decided in the contractors' favor in 1973 by the Fourth Circuit in *Mangum v. A–1 Painting Contractors*, Civil No. 72–1970 (4th Cir., May 16, 1973). This decision was interpreted on September 26, 1975, by the Federal District Court for the Eastern District of Virginia wherein the court said:

> The Court now declares that the plaintiff [one of the appellants here] is not obligated to contribute to the trust fund on behalf of any employees designated as "temporary employees." [*Clifton D. Mayhew, Inc. v. Painters and Glaziers' District Council No. 51*, 401 F.Supp. 415 at 415–416 (E.D.Va., 1975).]

Appellees are bound by these judgments under the principles of res judicata.

The trustees and the trust fund were parties in each of the prior federal cases and are appellees in the instant case. Contractor Mayhew, plaintiff in the 1975 district court action in Virginia, is one of the appellants in the instant case. Because

each of the prior adjudications involved the identical issue of contractors' contributions for temporary employees, and because the trust fund or the trustees were parties in each prior adjudication, we are not troubled here by the lack of total mutuality of estoppel which has been a concomitant doctrine to res judicata. 1B J. Moore, Federal Practice ¶ 0.412 (2d ed. 1974). In addition, the different contractors who litigated this dispute in the prior adjudications and appellants here are all employer/parties to the same collective bargaining agreement at issue.

> Where a full opportunity has been afforded to a party to the prior action and he has failed . . . to establish liability . . . on the part of another, there is no reason for permitting him to retry these issues. [*B. R. DeWitt, Inc. v. Hall*, [19 N.Y.2d 141, 278 N.Y.S.2d 596, 599] 225 N.E.2d 195, 197 (N.Y.Ct. App.1967), *quoting Good Health Dairy Prods. Corp. v. Emery*, 275 N.Y. 14, 18, 9 N.E.2d 758, 759 (1937).]

We therefore hold that appellants Ballard and Wirman may invoke the conclusive effect of the prior judgments even though, except for appellant Mayhew, none of the appellants was a party to the prior suits.

■ The fact that the clarifying judgment was rendered *after* the beginning of the action in the instant appeal (April 24, 1975) is of no consequence.[2] The federal district court stated in September 1975 that its judgment was but an interpretation of the earlier, Fourth Circuit opinion:

> As the Court interprets that holding, the United States Court of Appeals for the

2. The timing of the decisions becomes an issue because appellees assert that the 1973 Fourth Circuit decision was of no force when the instant action was filed. The trustees in 1972 had amended the trust agreement at issue so to provide for contractor contributions for temporary employees; this amendment was passed before the Fourth Circuit opinion was issued but after the 1972 district

court opinion which the Fourth Circuit affirmed. Appellees erroneously argue a "change of circumstances" (*i. e.*, the amendment) that would place this suit for the injunction beyond the scope of the conclusive effect of the prior, 1973 Fourth Circuit judgment. *See* 1B Moore, Federal Practice ¶ 0.415, at 2054 (2d ed. 1974).

Fourth Circuit concluded that an employer subject to the collective bargaining agreement under consideration in that cause was under no duty to make contribution to the union trust fund for "temporary employees." That holding, and this Court's holding in the instant case, was premised on the conclusion that "temporary employees" were not covered by the bargaining agreement, and that the trust agreement under consideration was not intended to broaden the employers duty to contribute beyond that obligation which was set forth in the bargaining agreement. [*Mayhew v. Painters and Glaziers' District Council No. 51, supra* at 415.]

■ The trustees argue that the Fourth Circuit's 1973 decision, and the 1972 district court opinion it affirmed, did not preclude them from amending the trust fund agreement to provide coverage for "temporary employees" and to require contributions from contractors for that coverage. This argument was resolved against the trustees by the 1975 Federal District Court for the Eastern District of Virginia interpretation of the 1973 decision:

> In short, it was the opinion of that Court and this Court that this finding effectively precludes the union's right to alter the employer's obligation under the bargaining agreement by virtue of a unilateral amendment to the trust agreement. [*Mayhew v. Painters and Glaziers' District Council No. 51, supra* at 415.]

There is no dispute over how matters included in the trust agreement can be amended. Article VII, section 3 of the trust agreement in part reads:

> This Agreement and Declaration of Trust may be amended in any respect by unanimous vote of the TRUSTEES
> . . . .

However, this does not empower the trustees to make modifications of matters covered by the collective bargaining agreement. The Eastern District of Virginia court's language supports the conclusion that the union and employer *trustees* cannot impose an obligation on the parties not contemplated by the employer/union collective bargaining agreement. That obligation must be negotiated directly between the employers and the union under the collective bargaining agreement's amendment or negotiation procedures.

■ Thus in answer to the first question, appellants are not required to contribute to the trust fund for temporary employees. They were not required to contribute at the time the injunction was requested; nor have they been required to contribute at any time during this litigation from 1971 to date. Absent a change in the collective bargaining agreement, appellants cannot be required to contribute for temporary employees.

## II.

■ The second issue to be resolved is whether arbitration has been agreed upon between the parties (contractors and union) as a procedure to be employed in order to resolve disputes arising under the trust agreement. Arbitration is predicated upon the consent of the parties to a dispute, and the determination of whether the parties have consented to arbitrate is a matter to be determined by the courts on the basis of the contracts between the parties. A further problem for court resolution, assuming agreement to a general arbitration provision, is whether the parties have agreed to arbitrate disputes of a particular kind. *John Wiley & Sons v. Livingston*, 376 U.S. 543, 546–47, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). *Accord United States Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). We thus focus our attention on the agreements signed by the appellants and the appellees.

The collective bargaining agreement signed by the contractors and the union establishes a Joint Trade Board for "processing, investigation, and determination of grievances, disputes and alleged violations" of the collective bargaining agreement. (Art. XII, section 3(a).) Appeals to the National Joint Trade Board also are provided. Should the dispute remain unresolved, either party to the agreement may request arbitration of the dispute, and the arbitrator's "decision shall be final and binding on all parties." (Art. XII, section 5.) Although Article XIII provides for resolution of disputes between the parties, the parties instead rely on Article X of the collective bargaining agreement.

Article X establishes the Painters' Trust Fund and requires contractor contributions thereto "subject to plans and procedures as outlined in the Trust Fund Agreement." (Art. X, section 2.) Article X further provides in section 5 that the

> Trust Fund shall be under the sole jurisdiction and control of the Trustees in accordance with the provisions of the written trust agreement now in effect or as hereinafter amended.

We conclude, therefore, that it is to the trust fund agreement that the court should look next to determine whether the parties have agreed to arbitrate their dispute involving the trust fund.

Appellants signed the trust fund agreement and the amendments thereto and thereby consented to its provisions. Our question is whether it provides for arbitration of disputes involving contractor contributions to the trust fund. First, Article III, section 3 of the trust fund agreement provides:

> Section 3. *Collection of CONTRAC-TOR Contributions*—the TRUSTEES shall have the power to demand, collect and receive CONTRACTOR contributions which have become due and payable. In addition to any other remedies

which may exist, they may institute and prosecute or intervene in, any proceeding at law or in equity or in bankruptcy, as may be necessary or desirable to effectuate the collection of the CONTRACTOR contributions, and shall have the right to retain counsel and auditors to prosecute any such actions for the collection of such contributions. Any cost incurred shall be charged against said CONTRACTOR.

Second, Article V, section 2 provides:

> Section 2. *Construction of Trust Instrument*
>
> (a) The TRUSTEES shall have the sole power to construe the provisions of this Agreement and Declaration of Trust and the terms used therein, and any construction adopted by them in good faith and in conformity with existing law, shall be binding upon the CONTRACTOR, the UNION and the employees.

Third, Article V, sections 5(g) and (n) provide:

> Section 5. *Additional Powers of the TRUSTEES*—The TRUSTEES are hereby empowered, in addition to such other powers as are set forth hereinbefore or conferred by law:
>
> . . . .
>
> (g) To compromise, settle, arbitrate and release claims or demands in favor of or against the TRUST on such terms and conditions as the TRUSTEES may deem advisable;
>
> . . . .
>
> (n) To do all acts, whether or not expressly authorized herein which the TRUSTEES may deem necessary or proper for the protection of the property held hereunder.

Fourth, Article VIII, section 3 provides:

> Section 3. *Amendments*—This Agreement and Declaration of Trust may be amended in any respect by unanimous

vote of the TRUSTEES; and any such amendment shall specify its effective date and shall be annexed hereto.

Finally, an amendment dated February 9, 1971, unanimously approved by the trustees[3] amended Article III, section 3, *supra,* to provide specifically for arbitration of contributions collections disputes. The amended section reads (the added provisions are emphasized):

The Trustees shall have the power to demand, collect and receive Contractor contributions which have become due and payable. In addition to any other remedies which may exist, *including Arbitration through the services of the American Arbitration Association which the Trustees may initiate*; they may also institute and prosecute or intervene in, any proceeding at law or in equity or in bankruptcy, as may be necessary or desirable to effectuate the collection of the contractor contributions and shall have the right to retain counsel and auditors to prosecute any such actions for the collection of such contributions. Any cost incurred, *including arbitration fees, transcripts, court costs, witness fees, auditors fees and attorney fees* shall be charged against said contractor. *The decision of an arbitrator shall be final and binding and enforceable in any federal or state Court against said Contractor.*

We conclude that arbitration of contractor collections disputes is a procedure not specifically excluded by the agreement, and which has express authorization in Article V, section 5(g). Since the parties had agreed thereby that the trustees could resort to arbitration of disputes, we conclude the amendment by the trustees of Article III, section 3 to provide that they could use the services of the American Arbitration Association for such arbitration was within the authority of the trustees to amend the trust agreement as granted by Article VIII, section 3.

III.

■ The final issue to be resolved is whether the dispute over contractor contributions for temporary employees is arbitrable. We hold that it is not. The *sine qua non* for arbitration is a dispute; our resolution in part one of this opinion (that under res judicata principles such contributions cannot be compelled) leads to the conclusion that a dispute no longer exists to be arbitrated. Whether such needless arbitration can be enjoined, however, is another matter.

■ An injunction is an extraordinary remedy, and the trial court's power to issue it or to deny it should be exercised only after a careful analysis of several factors: (1) whether there is a danger of irreparable injury to the requesting party if the injunction is not granted; (2) whether there is a substantial likelihood that the requesting party will prevail on the merits; (3) whether more harm will result to the requesting party from the denial of the injunction than will result to the opposing party from its grant; and (4) whether the public interest will not be disserved by the issuance of the requested injunction. *Wieck v. Sterenbuch,* D.C.App., 350 A.2d 384, 387 (1976); *Industrial Bank of Washington v. Tobriner,* 132 U.S.App. D.C. 51, 54, 405 F.2d 1321, 1324 (1968). We hold that the appellants prevail on the above factors, and the arbitration of contributions for temporary employees should have been enjoined. Because the trustees chose in 1971 to resolve the issue of contributions for temporary employees through court action, they should not now be heard to argue that appellants must arbitrate that very same issue.

The lower court's order is affirmed insofar as it concludes that arbitration is a

---

3. One trustee ratified the decision of the other five in his testimony before Judge Murphy at the hearing on the April 1975 injunction.

**554** 

procedure duly authorized by the trust agreement.[4] The order that contributions for temporary employees is arbitrable is reversed. We remand for issuance of an injunction enjoining the trustees from submitting the temporary employees contributions issue to arbitration.

*So ordered.*

---

4. The order also concludes that any disputes over liquidated damages for late filings can be arbitrated. This issue is not properly before the court because none of the appellants presently owe any such damages to the fund.