Margaret POIRE, Appellant,

v.

Julius KAPLAN, Appellee.

No. 84–834.

District of Columbia Court of Appeals.

Argued Feb. 13, 1985.

Decided April 30, 1985.

Before FERREN, BELSON and ROGERS, Associate Judges.

ROGERS, Associate Judge:

 This is an appeal from an order confirming an arbitration award and the denial of a motion for reconsideration.[1] Appellant contends that the trial court erred in staying the litigation while ordering the parties to arbitrate their dispute, and that the arbitration award should be vacated. We affirm.

## I

The parties entered into a joint venture agreement to purchase appellant's apartment and parking space, which became available during a condominium conversion. The agreement provided for payment of specific costs by each party and that the property was not to be sold, leased, or otherwise conveyed except upon their written agreement. If the parties could not agree about selling the property, their dispute would be determined by binding arbitration.[2] The property was purchased and appellant continued to live in it for about a year, until she moved in connection with other employment. When appellant failed to continue to pay the condominium fees and to assume her contractual obligation to make the mortgage payments, appellee paid them until the property was sold. At or before the sale of the property, appellee learned that appellant had leased the parking space without his knowledge or consent.

Margaret A. Beller, Washington, D.C., with whom Carolyn R. Just, Washington, D.C., was on brief, for appellant.

Joel E. Leising, Washington, D.C., for appellee.

1. The order confirming the arbitration award is an appealable order. D.C.Code § 16–4317(a)(3) (1981). Since the motion for reconsideration was filed within ten days of entry of the confirmation order, and the appeal from denial of the motion for reconsideration was filed within 30 days of the entry of the denial thereof, the notice of appeal was timely filed under D.C. App.R. 4 II(a)(2). *Coleman v. Lee Washington Hauling Co.*, 388 A.2d 44, 47 (D.C.1978).

2. Paragraph 6 of the joint venture agreement provided in pertinent part:

failing agreement on whether or not the property be put up for sale, or agreement on the terms and conditions, they will be determined by arbitration by Shannon & Luchs or such other real estate broker as is acceptable to both parties (such acceptance not to be unreasonably withheld by either party), with the cost of such arbitration to be divided between the parties in proportion to the distribution of their interest pursuant to paragraph 8 hereof. Either party may make application for such arbitration proceedings upon written notice to the other party, the party hereby agreeing to be bound by the decision of the Arbitrators.

Following the sale of the property, appellee sought to recover from appellant what she should have paid under the joint venture agreement. Unable to reach agreement, appellee sued for an accounting, breach of contract, and fraud; he sought compensatory damages of $16,492 with interest and any additional amount which the accounting would show due, and exemplary damages of $100,000. Appellant filed a motion to dismiss on the grounds that the parties' exclusive remedy under paragraph 6 of their agreement was to arbitrate any dispute regarding the sale or lease of the unit or parking space, and by not applying for arbitration prior to the sale, appellee had waived the right to request arbitration and, upon sale of the property, the entire agreement between the parties was fully executed. Appellee opposed the motion to dismiss on the ground that paragraph 6 applied only to disputes arising out of the sale or lease of the property, and not to disputes arising from the entire joint venture agreement.

At the hearing on the motion to dismiss on May 3, 1983, the trial court stated it did not agree with appellant's interpretation of the joint venture agreement and asked appellant's attorney whether appellant sought dismissal because appellee did not seek to enter into arbitration at the right time. She responded:

> Yes, Your Honor, because putting this matter into litigation for Mr. Kaplan is not a terribly expensive arrangement. For Ms. Poire who has to hire me, it becomes a rather expensive arrangement. This is something that Ms. Poire relied upon, agreed to, and I believe she is entitled to it. Now there would be an

optional arrangement which would be to refer the matter to arbitration. I believe there are cases which show that if arbitration is agreed to and there is a suit filed, the matter will be referred for arbitration.

Appellee agreed to appellant's "optional arrangement," and referred to the court's authority to order arbitration under D.C. Code § 16–4302 (1981).[3] The trial court therefore ordered the parties to proceed to arbitration and stayed the litigation.

The parties entered into an agreement on September 8, 1983 to submit their dispute to the American Arbitration Association.[4] On November 18, 1983, an American Arbitration Association arbitrator issued an award requiring appellant to pay appellee $10,757 and appellee to pay the administrative fees and expenses of the arbitration. On March 30, 1984, appellee filed motions to confirm the arbitration award as a judgment, to lift the stay of May 3, 1983, and to amend the complaint. No opposition was filed. The stay was lifted on April 13, 1984, and the arbitration agreement was confirmed on April 16, 1984. Appellant filed a motion to reconsider on April 25, 1984, which was denied on May 18, 1984 as untimely and lacking merit.

## II

In deciding whether the trial court correctly ordered the parties to proceed to arbitration, we start by determining whether the parties agreed to arbitrate the disputes arising under appellee's complaint. *Ballard & Associates v. Mangum*, 368 A.2d 548, 551 (D.C.1977). The record shows the parties expressly agreed at the

---

**3.** The District of Columbia Uniform Arbitration Act, D.C.Code § 16–4302(d) provides:

Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefore has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

**4.** In the submission agreement, appellee sought recovery of $16,942 and appellant sought $6,510 from appellee "if the trier of fact concludes the sale of the realty did not settle all outstanding issues between the parties." The submission agreement refers to $6,510, as appellant's initial contribution, which, under paragraph 12 of the parties' joint venture agreement, was to be returned to her notwithstanding her failure to make the mortgage and fee payments under the agreement.

May 3, 1983 hearing to submit the dispute based on appellee's complaint to a mutually agreeable arbitrator. Where parties in open court enter into an agreement to arbitrate and secure the court's approval of their agreement, such agreement becomes an order of the court which is binding on the parties. *See Brandon v. Hines*, 439 A.2d 496, 501 (D.C.1981). Furthermore, the record shows that appellant did not press her claim for a dismissal at that time and later signed a submission to arbitration agreement which set forth all of appellee's claims in his complaint. Having suggested arbitration and participated in arbitration, appellant cannot now be heard to complain that the trial court erred in following her suggestion.

■■■ The arbitration was conducted pursuant to a new arbitration agreement which the parties entered into on September 8, 1983, based on their agreement of May 3, 1983, and not pursuant to paragraph 6 of their joint venture agreement. The record before us does not support appellant's contentions that she agreed to arbitration on May 3, 1983 to avoid being in contempt of court, that there was no agreement by her or her counsel that it was proper to submit the parties' dispute to arbitration, and that she strongly objected to the court's order to submit to arbitration.[5] As to her claim that the issues raised in her motion to dismiss were not subject to arbitration, the record reveals that the trial court questioned the parties prior to ordering arbitration to understand fully the nature of their dispute and what they sought. Having allowed the parties to proceed to arbitration only after such questioning, the trial court apparently concluded that the entire dispute was subject to resolution by arbitration. The question of whether an issue is arbitrable is one of law, and a court must make its own determination on the issue. *Davis v. Chevy Chase Financial Ltd.*, 215 U.S.App.D.C. 117, 123–24, 667 F.2d 160, 166–67 (1981) (citation omitted); *see Ballard & Associates v. Mangum, supra*, 368 A.2d at 553. Neither the parties' representations to the trial court nor their arbitration submission agreement reserved any issues for the court. Since appellant did not reserve for court resolution the issues raised in her motion to dismiss, the trial court did not err in directing the parties to submit their entire dispute to arbitration or in confirming the award.[6]

■■■ Nor do we find any error by the trial court in staying the proceedings. If during the course of litigation the parties agree to arbitrate, a court may stay litigation and order arbitration to proceed under "rule of court."[7] *Brandon v. Hines, supra*, 439 A.2d at 501 & n. 3 (citing *Red Cross Line v. Atlantic Fruit Co.*, 264 U.S. 109, 121–22, 44 S.Ct. 274, 276–77, 68 L.Ed. 582 (1924); *Lutz v. Linthicum*, 33 U.S. (8 Pet.) 165, 177, 8 L.Ed. 904 (1834); and *John W. Johnson, Inc. v. 2500 Wisconsin Avenue, Inc.*, 98 U.S.App.D.C. 8, 11, 231 F.2d 761, 764 (1956)). The District of Columbia Uniform Arbitration Act, D.C.Code § 16–4302, also authorizes the court, upon application of a party, to order arbitration and stay the action or proceeding. *See supra* note 3.

■■■ Since the arbitrator ruled only on matters within the scope of the governing arbitration clauses, he did not exceed

---

5. *Cobb v. Standard Drug Co.*, 453 A.2d 110, 111 (D.C.1982) (appellant's duty to provide record for appeal).

6. If the arbitration had been based on Paragraph 6 of the joint venture agreement, then resolution of this case would be different, since parties to an arbitration agreement cannot be required to submit to arbitration matters that they did not agree would be the subject of arbitration. *Davis v. Chevy Chase Financial Ltd., supra*, 215 U.S.App.D.C. at 122, 667 F.2d at 165 (citing *United States Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960)).

7. The May 3, 1983 order purported to grant appellant's motion to dismiss in part as well as to stay the proceedings. Only the stay was proper, and neither the record nor the parties suggest more was intended.

his authority and this court is not precluded from giving effect to the award. *Sindler v. Batleman*, 416 A.2d 238, 239, 243 (D.C.1980); *Davis v. Chevy Chase Financial Ltd., supra,* 215 U.S.App.D.C. at 122, 667 F.2d at 165.[8] That the arbitrator did not spell out his interpretation of the joint venture agreement does not make the award invalid. *United States Steelworkers of America v. Enterprise Wheel & Car Corp., supra* note 8, 363 U.S. at 598, 80 S.Ct. at 1361; *Montana Power Co. v. Federal Power Commission,* 144 U.S.App.D.C. 263, 279, 445 F.2d 739, 755 (1970) (en banc), *cert. denied,* 400 U.S. 1013, 91 S.Ct. 566, 27 L.Ed.2d 627 (1971). Finally, appellant argues there was no merit to appellee's claim; this court, however, will not review an arbitration award on the merits. *See Sindler v. Batleman, supra* note 8, 416 A.2d at 242; *Revere Copper & Brass, Inc. v. Overseas Private Investment Corp.,* 202 U.S. App.D.C. 81, 83–84, 628 F.2d 81, 83–84, *cert. denied,* 446 U.S. 983, 100 S.Ct. 2964, 64 L.Ed.2d 839 (1980).

 In her motion for reconsideration of the confirmation of the arbitration award, lifting of the stay of the instant action, and amendment of the complaint; appellant's principal contention was that her motion to dismiss the complaint should be granted since her "submission to arbitration specifically reserved the issue whether or not arbitration was appropriate at this posture of the case." Appellant does not specify the rule under which she filed her motion. Under *Coleman v. Lee Washington Hauling Co., supra,* note 1, 388 A.2d at 46, we construe it to be properly filed under Super.Ct.Civ.R. 59(e). As such, it was timely filed. However, appellant's contention that she reserved the issue raised in her motion to dismiss is not borne out by the record. Moreover, insofar as her motion for reconsideration sought to attack the arbitration award, it was untimely.

The arbitration award was issued on November 18, 1983. Appellee filed a motion to confirm the award pursuant to D.C.Code § 16–4310 on March 30, 1984. Appellant took no action on the award until she filed a motion for reconsideration on April 25, 1984. Under D.C.Code § 16–4311(b) (1981), a motion to vacate or modify an arbitration award must be made within ninety days after delivery of a copy of the award to the movant. Appellee did not seek confirmation of the award until more than ninety days had passed and appellant did not interpose any objection to appellee's motion under § 16–4310 (1981). Nor did appellant suggest in her motion for reconsideration that the parties' submission agreement is exempt from the requirements of the District of Columbia Arbitration Act. The parties agreed in the submission agreement that a judgment could be entered upon the arbitration award. Although the parties' agreement to arbitrate appellee's claim was not in writing at the time the court ordered arbitration, the submission agreement of September 8, 1983 is consistent with the requirements of the Act. Therefore, since appellant failed to comply with § 16–4311(b), her attack on the arbitration award was time barred. *See Orange v. Safeway Stores, Inc.,* 556 F.Supp. 510, 513 (D.D.C.1983); *Ogunloye v. John Hancock Mutual Life Insurance Co.,* 545 F.Supp. 1118, 1120 (D.D.C.1982), *aff'd,* 230 U.S.App.D.C. 71, 713 F.2d 865 (1983). We find no error by the trial court in denying the motion for reconsideration.

Accordingly, the judgment is

*Affirmed.*

---

8. Even if there were an ambiguity with respect to *whether a matter was within the arbitrator's* authority, the question must be resolved in favor of arbitration. *United States Steelworkers of*

*Am. v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597–98, 80 S.Ct. 1358, 1361–62, 4 L.Ed.2d 1424 (1960); *Sindler v. Batleman, supra,* 416 A.2d at 243.