David N. DOLTON et al., Appellants,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. et al., Appellees.

No. 05–CV–1317.

District of Columbia Court of Appeals.

Submitted June 20, 2006.

Decided Sept. 6, 2007.

---

William S. Burroughs, Jr. was on the brief, Arlington, VA, for appellants.

Ira L. Oring was on the brief, Baltimore, MD, for appellees.

Before GLICKMAN, KRAMER and FISHER, Associate Judges.

KRAMER, Associate Judge:

David and Karen Dolton appeal from the trial court's order denying their application to vacate an arbitration award pursuant to D.C.Code §§ 16–4311, –4315 (2001). They argue that the award should be vacated because, by refusing to make credibility findings, the arbitration panel exceeded its power and demonstrated partiality. We affirm.

## I.

This matter arises out of a claim filed by the appellants, David and Karen Dolton, with the National Association of Securities Dealers Dispute Resolution, Inc. ("NASD") alleging, *inter alia,* fraud, negligence, breach of fiduciary duty, and breach of contract. Specifically, the Doltons allege that they sought the services of the appellees "for the express and specific purpose of diversifying their theretofore self-directed equities portfolio out of the technology sector." The Doltons maintain that, despite their specific instructions, James King and William Fraley, their financial advisors at Merrill Lynch, failed to diversify their portfolio as they had requested, and that the Merrill Lynch management failed to properly supervise King and Fraley. As a result, the Doltons contend that their portfolio lost over $294,000 because of a decline in the technology sector.

Following a several-day hearing before a three-member arbitration panel, the NASD denied the Doltons' claim. In its written decision ("Award"), the panel expressly declined to make findings with respect to the credibility of the witnesses for either side. Instead, it wrote:

> With regards to Claimant's claims against King and Fraley, the testimony of the Claimants and the individual Respondents was flatly contradictory. Although Claimants corroborated each other's testimony and King and Fraley generally corroborated each other, there was no corroboration of any testimony by a disinterested witness. Moreover, the Panel notes the remarkable absence of documentary evidence to corroborate either side's version of the central events of their 2000–2001 relationship. Counsel for both parties correctly acknowledged that the testimony of the Claimants and the individual Respondents could not be reconciled.

Thus, without deciding the evident credibility issues, the panel found that "Claimants failed to take appropriate and clear action to direct a change to their holdings." It further found that "even if Claimants were dissatisfied with the performance of King and Fraley, there is no evidence that they brought their alleged dissatisfaction to the attention of Merrill Lynch managers." Therefore, the panel concluded "that Claimants ratified the actions of the Respondents, and their claims therefore fail."

The Doltons timely filed an application to vacate the NASD's Award in the Superior Court. Their fundamental argument in the trial court, as it is here, was that the panel could not conclude that the Doltons had ratified the actions of their financial advisors without making credibility determinations because the Doltons testified that they had repeatedly complained to those advisors about their failure to diversify the Doltons' holdings. The Doltons maintain that, in taking this approach, the arbitration panel exceeded its powers, in violation of D.C.Code § 16–4311(a)(3), and demonstrated "evident partiality," in violation of D.C.Code § 16–4311(a)(2), by manifestly disregarding the law, acting arbitrarily and capriciously, or making a "gross mistake." They have not, however,

provided us with a transcript of the arbitration hearing and there is no dispute that the transcript could have been produced.[1]

## II.

■ "We review *de novo* a trial court's judgment confirming an arbitration award." *Laszlo N. Tauber, M.D. & Assocs. v. Trammell Crow Real Estate Servs., Inc.,* 738 A.2d 1214, 1216 (D.C.1999) (citing *Grad v. Wetherholt Galleries,* 660 A.2d 903, 905 (D.C.1995)). While the applicable standard is *de novo,* "It is firmly established that '[j]udicial review of arbitration awards is limited.'" *Shore v. Groom Law Group,* 877 A.2d 86, 91 (D.C. 2005) (quoting *Brandon v. Hines,* 439 A.2d 496, 509 (D.C.1981)). "[T]his court will not set aside an arbitration award for errors of either law or fact made by the arbitrator." *Id.* (citing *Celtech, Inc. v. Broumand,* 584 A.2d 1257, 1258 (D.C.1991)). "With rare exceptions, an award will not be disturbed unless the arbitration panel is found to have ruled on matters beyond the scope of its authority ... or unless it appears that the panel 'manifestly disregarded the law....'" *Id.* (citing *Lopata v. Coyne,* 735 A.2d 931, 940 (D.C.1999); *Poire v. Kaplan,* 491 A.2d 529, 533–34 (D.C.1985)).

Because the grounds for vacating arbitration awards are substantially limited by statute, *see* D.C.Code § 16–4311 (2001), transcripts of the arbitration proceedings will not always be necessary for judicial review. Here, however, we are stymied in our review of the trial court's decision by the failure of the Doltons to provide a transcript of the three-day arbitration hearing. Instead, despite there being no dispute that a transcript could have been prepared, the Doltons have supplied only the Award and a four-page affidavit from Mrs. Dolton—based on her being present during the arbitration hearing—describing the evidence that both parties submitted to the panel. The defendants refer to Mrs. Dolton's affidavit as "set[ting] forth a limited and self-serving description of the evidence." The Doltons respond that the affidavit is not "inaccurate or misleading."

The existence of this factual dispute in and of itself demonstrates that a transcript is necessary to resolve the issues raised. Appellate courts cannot simply review summaries of testimony, particularly when they are being called upon to make determinations about whether or not the finder of fact acted properly. In this case, we have little more than would have been provided in a civil complaint addressing these same issues—indeed, probably less.

While we have never directly addressed our need for transcripts in the context of arbitration proceedings,[2] we have touched upon our need for an adequate record when an arbitration decision has been appealed. *See Celtech, supra,* 584 A.2d at 1260 n. 6 (citation omitted). Moreover, other jurisdictions have specifically addressed the issue of the record necessary to review an arbitration proceeding and have concluded that under some circum-

---

1. The appellees assert in their brief that the hearing was recorded and that the Doltons could have secured a transcript had they wished to do so. They cite to a provision of the NASD Uniform Code of Arbitration that they represent requires "[a] verbatim record by stenographic reporter or a tape recording of all arbitration hearings." *See* NASD R. 10326. The Doltons do not challenge these representations in their Reply, but urge that the affidavit they have provided is sufficient and that the statements in it are undisputed.

2. In *Motor City Drive, L.L.C. v. Brennan Beer Gorman Monk Architects & Interiors, P.L.L.C.,* 890 A.2d 233, 235 (D.C.2006), both parties informed the court at oral argument that no transcript was available, which is clearly distinguishable from the situation here.

stances, a party's failure to provide a transcript of the arbitration hearing can be fatal to its challenge of the arbitration panel's award.

In *General Motors Corp. v. Warner*, 5 Misc.3d 968, 784 N.Y.S.2d 360, 361–62 (N.Y.Sup.Ct.2004), for example, the appellant, who was appealing an arbitration decision and was claiming that the decision was not supported by the evidence,[3] submitted an affirmation and an affidavit from its attorney and an automobile repairperson, both of whom had been present at the arbitration. The court found the submissions insufficient to challenge the factual findings of the arbitrator, since they did not provide a record of the evidence before the arbitrator for the court to review. *Id.*

■ Similarly, in *Kovacs v. Kovacs*, 98 Md.App. 289, 633 A.2d 425, 428, 432–34 (1993), where the issue was whether the procedures of a rabbinical panel were in accordance with the Maryland law governing state sanctioned arbitration and the appellant had not provided the appellate court with a transcript of the proceedings, the court wrote: "A party asserting that error was committed by an arbitration panel bears the burden of showing, by the record, that the error occurred." *Id.* at 432. In language that has particular applicability to the case now before us, it explained: "Mere allegations and arguments contesting the validity of an award, unsubstantiated by the record, are insufficient to meet that burden." *Id.* Thus, it held that "[t]he failure to provide the court with a transcript [in this case] warrants summary rejection of the claim of error." *Id.* at 432 (citing *Azcon Constr. Co., Inc. v. Golden Hills Resort, Inc.*, 498 N.W.2d 630, 635–36 (S.D.1993)); *see also Kass v. Schless*, 2000 WL 992149, *4, 2000 Conn.Super.LEXIS 1677, *12–13 (June 28, 2000) (finding that

the plaintiffs' failure to submit, *inter alia*, a transcript of the arbitration hearing created an insufficient record upon which to challenge the arbitrator's award); *Visual Health & Surgical Center v. Katzen*, 610 So.2d 512, 513 (Fla.App.1992) (finding the record before it inadequate to demonstrate error absent a copy of the arbitration hearing transcript); *Schmidt v. Joseph*, 315 Ill.App.3d 77, 248 Ill.Dec. 19, 733 N.E.2d 694, 700 (2000) (same). Indeed, while these decisions address appeals from arbitration proceedings, they are in accord with our own venerable case of *Cobb v. Standard Drug Co.*, 453 A.2d 110, 111 (D.C.1982), where in an appeal from a trial court decision, we wrote:

> A judgment of any trial court is presumed to be valid. A losing party who notes an appeal from such a judgment bears the burden of convincing the appellate court that the trial court has erred. In meeting that burden, it is appellant's duty to present this court with a record sufficient to show affirmatively that error occurred. The responsibility of perfecting the record remains with appellant and cannot be shifted to either the trial court or this court.

(Internal citations and quotations omitted.) *See also Cohen v. Rental Hous. Comm'n*, 496 A.2d 603, 606 (D.C.1985) (citing *Cobb, supra*, and noting that *Cobb's* language concerning the duty of an appellant to provide a sufficient record "appl[ies] generally to any appellate proceeding in this court").

■ We find these precedents persuasive. While transcripts are not a necessity for every appeal from an award in an arbitration proceeding, we hold that given the facts of this case, where the Doltons are seeking relief based upon testimony

---

**3.** We note that in this jurisdiction, there is no provision for overturning an arbitration award based solely on the insufficiency of the evidence. *See* D.C.Code § 16–4311 (2001).

that they assert came in during the course of the arbitration hearing, their failure to provide us with a transcript of the testimony is fatal to their appeal.

█ In any event, what record we do have does not support the Doltons' claims. They assert that the arbitration panel erred in not making credibility determinations. As the trial court observed, however, the panel did not ignore the testimony it heard. Rather, the panel noted that the testimony of the opposing parties was "flatly contradictory," that there was "no corroboration of any testimony by a disinterested witness," and that "[c]ounsel for both parties correctly acknowledged that the testimony of the claimants and the individual Respondents could not be reconciled." The panel also noted "the remarkable absence of documentary evidence to corroborate either side's version of the central events of their 2000–2001 relationship."[4] In short, on the evidence presented, the Doltons had not shown that they were entitled to prevail on their claims.

Accordingly, the judgment of the trial court is

*Affirmed.*

---

**4.** The appellants' partiality argument is based on its assertion that the panel manifestly disregarded the applicable law. As we made clear in *Celtech, supra,* a showing of partiality cannot be inferred from the arbitrator's decision on the merits, but must be based on the establishment of "specific facts which indi-cate improper motives on the part of the arbitrator." 584 A.2d at 1259 (quoting *Sheet Metal Workers Int'l Ass'n, Local Union No. 420 v. Kinney Air Conditioning Co.,* 756 F.2d 742, 745 (9th Cir.1985)) (internal quotations omitted). Such a showing has not been made here.