Etenat ZEGEYE, Appellant,

v.

Marvin LISS, Appellee.

No. 12–CV–1560.

District of Columbia Court of Appeals.

Submitted April 23, 2013.
Decided July 18, 2013.

Etenat Zegeye pro se.

Robert M. Somer, Fairfax, VA, filed a brief for appellee.

Before BECKWITH and McLEESE, Associate Judges, and RUIZ, Senior Judge.

RUIZ, Senior Judge:

On May 11, 2011, appellant Etenat Zegeye filed a request with the District of Columbia Bar Attorney–Client Arbitration Board to arbitrate a fee dispute between herself and her attorney, appellee Marvin Liss. Appellant sought $15,000 for what she claimed was unjustified overbilling and appellee filed a counterclaim seeking $4,000 in unpaid legal fees. On April 26, 2012, the arbitration panel denied both claims. Appellant filed a motion with the Superior Court to set aside the arbitral award; appellee moved to confirm the award. The trial court confirmed the award on August 22, 2012. We affirm the order of the Superior Court.

## I.

On May 14, 2008, appellant and appellee entered into a "Retainer Agreement" pursuant to which appellee would represent appellant at an hourly fee of $325. Appellant made an initial payment of $7,000.

Appellee filed a complaint in the Superior Court on behalf of appellant against contractors who caused damage to her home. On January 15, 2010, appellant accepted a settlement offer of $79,000.[1] On March 17, 2010, appellee produced an invoice charging fees for professional services in the amount of $29,323.35, less the initial $7,000, for an amount due of $22,322.35. An invoice in the record, however, includes a notation that the parties "agreed to a total bill of $18,323.35," and that appellee would issue a check to appellant for approximately $60,676 from the settlement funds.[2] Appellant filed a complaint against appellee in Superior Court alleging "fraud, misrepresentation, concealment or non-disclosure," as well as a disciplinary complaint with the Office of Bar Counsel. The Office of Bar Counsel

found that appellant's allegations of disciplinary misconduct did not warrant a formal investigation, and that the essence of appellant's complaint is a fee dispute. Bar Counsel noted that such a dispute could be submitted to the District of Columbia Bar's Attorney–Client Arbitration Board if appellant wished. The dispute was submitted to the Arbitration Board, which rendered the award appellant seeks to set aside.

## II.

 It is well-established that judicial review of an arbitration award is extremely narrow. *See A1 Team USA Holdings, LLC v. Bingham McCutchen LLP*, 998 A.2d 320, 322 (D.C.2010). The District of Columbia Arbitration Act limits the permissible grounds for vacating an arbitration award. D.C.Code § 16–4423 (2012);[3] *Celtech, Inc. v. Broumand*, 584 A.2d 1257, 1259 (D.C.1991) ("An award may be vacated or modified only on grounds clearly specified by statute." (citation omitted)). "[C]ourts cannot set aside such awards for

1. The record includes a copy of a cancelled settlement check for $79,000 with what appears to be both parties' signatures on the back to negotiate the check. Appellant claims in her brief that appellee forged her signature on the check.

2. Appellant claimed in her complaint that the notation signifying agreement was "manufactured" by appellee. It appears, however, that appellant agrees that appellee did issue to her a check for approximately $60,676.

3. The court shall vacate an award made in the arbitration proceeding if:
 (1) The award was procured by corruption, fraud, or other undue means;
 (2) There was:
 (A) Evident partiality by an arbitrator appointed as a neutral arbitrator;
 (B) Corruption by an arbitrator; or
 (C) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

 (3) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to § 16–4415, so as to prejudice substantially the rights of a party to the arbitration proceeding
 (4) An arbitrator exceeded the arbitrator's powers;
 (5) There was no agreement to arbitrate; or
 (6) The arbitration was conducted without proper notice of the initiation of an arbitration as required in § 16–4409 so as to prejudice substantially the rights of a party to the arbitration proceeding.

 D.C.Code § 16–4423(a). The court also may vacate an award on another "reasonable ground." D.C.Code § 16–4423(b). However, this provision was not intended to "abandon the standard of narrow and extremely limited judicial review of an arbitration award." *A1 Team USA Holdings, LLC*, 998 A.2d at 326.

errors of law or fact made by the arbitrator." *Shaff v. Skahill*, 617 A.2d 960, 963 (D.C.1992) (citation omitted). "With rare exceptions, an award will not be disturbed unless the arbitration panel is found to have ruled on matters beyond the scope of its authority or unless it appears that the panel manifestly disregarded the law." *Dolton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 935 A.2d 295, 298 (D.C.2007) (internal quotation marks, ellipses and citations omitted). Appellant was made aware of these limitations. The Agreement to Arbitrate signed by appellant expressly provided that the arbitration award is "binding on both parties" and "that there is only a limited right of appeal in the District of Columbia Superior Court." A separate "Important Notice for Clients" also cautioned about the binding nature of arbitration and limited right of appeal, with specific references to the applicable provisions of the D.C.Code.

Appellant claims that appellee's invoice was "fraudulent" and contained false charges. Appellant also contends that the arbitration proceeding was unfair and that the arbitration award must be vacated because without a record of the hearing it was impossible for the Superior Court (or this court) to review the arbitration proceeding.

■ Appellant's argument that the arbitration award should be vacated because of the allegedly fraudulent invoice cannot meet the exacting standards that limit judicial review of arbitration awards. It is not our responsibility to address the merits of appellant's claim but to review whether the arbitrators were derelict in considering it. There is nothing so outrageous in the invoice to prove that it is entirely fraudulent or that the arbitrators "manifestly disregarded the law." *Schwartz v. Chow*, 867 A.2d 230, 233 (D.C. 2005) (citation omitted). Nor does appellant make that claim. Instead, appellant's

brief takes issue with certain charges: a 2.25 hour meeting that she claims should not have been billed; four items totaling 2.2 hours that are listed as occurring before the retainer agreement was signed and, in some instances, before appellant met appellee; and phone calls that appellant says she would not have agreed to had she known she would be charged. These line items amount to nothing more than a fee dispute and do not necessarily amount to fraud, as Bar Counsel found. The Arbitration Board may have accounted for these alleged over-billings when it denied appellee's counterclaim for $4,000. Moreover, the Arbitration Board was not required "to state the grounds" for its award. *Id.*

Similarly, appellant's argument that the arbitration proceedings were unfair does not shoulder the "heavy burden" of showing that the arbitration award should be set aside. *Motor City Drive, L.L.C. v. Brennan Beer Gorman Monk Architects & Interiors, P.L.L.C.*, 890 A.2d 233, 237 (D.C. 2006) (internal quotation marks and citation omitted). When the grounds concern the performance of the arbitrator, appellant "must show specific facts which indicate improper motives on the part of the arbitrator." *Umana v. Swidler & Berlin, Chartered*, 745 A.2d 334, 339–40 (D.C.2000) (internal quotation marks and citation omitted). We are aware that appellant makes claims that impugn the arbitrators. In an affidavit filed in Superior Court, appellant stated as follows:

I do not believe that I was treated fairly. I am an African woman who was facing an arbitration of five (5) white people to my surprise. I didn't know it was going to be an all white panel because when we went for mediation prior to that, it was an elderly white arbiter who was the chairman and one black woman. Even though the lawyer, Mr. Liss [appellee], his lawyer, and all the arbiters

were all white, I didn't mind if they were going to be fair [to] me.

Appellant's affidavit states, however, that she believes she was, in fact, discriminated against, ignored, and ridiculed by the arbitrators and appellee, and that the arbitration proceeding was a farce. ("The whole thing look[ed] like it was premeditated and already decided and it was like, 'Let's hear what this stupid black foreigner will say.' The whole atmosphere looked like a joke, like I was their laughing matter."). Appellant's affidavit specifies that the arbitrators did not let her ask questions even though she had prepared thirty-five questions to ask appellee and his secretary, that the arbitrators did not permit her to see evidence presented by appellee, and that the arbitrators never asked questions concerning the signatures on the settlement check and the one-third that appellee withheld from it as if he were entitled to a contingency fee, rather than an hourly fee. In the Superior Court appellant claimed that the arbitrators' conduct violated the Arbitration Board's Rule of Procedure 19(g), which provides that "[e]vidence may be presented by the testimony of witnesses and in documentary form," and that "[q]uestions may be asked ... in cross-examination at the hearing of any witness who testifies." Appellant's brief on appeal adds that the Arbitration Board "refused to look at the documents" and refused to tell appellant its decision before the hearing adjourned.

■ Under D.C.Code § 16–4423(a)(3) we are "neither required nor authorized to comb the record for technical errors in the receipt or rejection of evidence by arbitrators." *Bolton v. Bernabei & Katz, PLLC*, 954 A.2d 953, 960 (D.C.2008) (internal quotation marks, ellipsis and citation omitted). The court's "review is restricted to determining whether the procedure was fundamentally unfair." *Foulger–Pratt Residential Contracting, LLC v. Madrigal Condos. LLC,* 779 F.Supp.2d 100, 120 (D.D.C.2011)

(internal quotation marks and citations omitted). "[W]e only evaluate whether the arbitrator gave each of the parties to the dispute an adequate opportunity to present its evidence and argument." *Bolton,* 954 A.2d at 960 (internal quotation marks, brackets and citations omitted).

■ We have no basis to doubt that appellant perceived the proceeding as unfair to her, and this court would not condone the dismissive treatment she claims she received. Moreover, if appellant's claims that she was completely thwarted in her examination of witnesses and that the arbitrators ignored her evidence were true, they would fall within one of the limited grounds for vacation of an arbitration award. *See* § 16–4423(a)(3) (identifying as ground for vacatur arbitrator's "refus[al] to consider evidence material to the controversy, or otherwise conduct[ing] the hearing contrary to § 16–4415," which provides for "a right to be heard, to present evidence material to the controversy, and to cross-examine witnesses appearing at the hearing," D.C.Code § 16–4415). Appellee's brief, however, paints a different picture. He contends that appellant agreed to the arbitrators, that she testified at the hearing, and responded to questions. In short, appellant's bare allegations are contested and, without support, are insufficient to prove a statutory basis for vacating the arbitration award. *See Dolton,* 935 A.2d at 299–300 (holding that a transcript is necessary if the asserted grounds for vacatur of arbitration award are grounded in the conduct of the proceeding).

Appellant argues that because there is no transcript of the hearing and she cannot provide the necessary facts to support her claim, the arbitration proceeding was fundamentally unfair. But the absence of a transcript should not have come as a surprise; to the contrary, it should have

been expected. The Arbitration Board's Rule of Procedure 19(m) is unequivocal on the matter:

> Hearings are neither transcribed nor recorded by [the Arbitration Board]. Requests by a party to have the [Arbitration Board] transcribe or record the hearing will be denied. The parties are prohibited from transcribing or recording the hearing using their own or third-party resources.

The Agreement to Arbitrate signed by appellant specifically references the Arbitration Board's Rules of Procedure, which are posted on the District of Columbia Bar website. *See* Rules of Procedure, The District of Columbia Bar, *available at* http://www.dcbar.org/inside_the_bar/departments/attorney_client_arbitration_board/fee_disputes/master_frameset.cfm (last visited June 18, 2013).[4] By signing the Agreement to Arbitrate, appellant agreed to the rules of the Arbitration Board. In doing so, appellant effectively waived her right to challenge the Arbitration Board's decision on any grounds that would require a transcript.

Accordingly, for the foregoing reasons, the judgment of the trial court is

*Affirmed.*

---

4. The Rules of Procedure were last amended on December 14, 2010, and thus were in effect at the time of appellant's arbitration.