Samson OGUNLOYE

v.

JOHN HANCOCK MUTUAL LIFE INS., CO.

Civ. No. 82–1629.

United States District Court, District of Columbia.

Aug. 23, 1982.

David J. Ontell, Washington, D. C., for plaintiff.

Sue J. Henry, Charles I. Cohen, Vedder, Price, Kaufman, Kammholz & Day, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

CORCORAN, District Judge.

Before the Court is the motion of the defendant for summary judgment and the opposition of the plaintiff thereto. The defendant contends that this action is barred by the applicable statute of limitations. Upon consideration of the submissions of the parties, and the relevant portions of the record, the Court concludes that this action is time barred.

The relevant facts are not in dispute. Plaintiff was employed by defendant on August 20, 1980, as a district sales agent. He was granted a two week leave of absence on July 18, 1981. When he did not return to work at the close of his authorized leave, defendant terminated his employment.

Shortly after his discharge, plaintiff filed a grievance challenging the propriety of the discharge under the terms of the collective bargaining agreement then in effect between the defendant and the Insurance Workers International Union, AFL–CIO, the union representing the plaintiff. The collective bargaining agreement provides for a four step grievance process, followed by arbitration of the remaining unresolved disputes. However, the arbitration procedure does not apply to "termination grievances of District Agents whose employment is terminated in the first twelve (12) months" of their employment. (Defendant's Exhibit C–3, Article VI).

Plaintiff pursued his grievance through the entire four step grievance process without success. Since he had not been employed with the defendant for a full year, he could not take the matter to arbitration. Thus, the decision at the fourth step of the grievance process, denying his grievance, was final. He was notified of that decision on November 16, 1980.

This action, alleging that plaintiff's discharge violated the terms of the collective bargaining agreement, was filed in the Superior Court for the District of Columbia on May 6, 1982. The action was removed to this court on June 11, 1982.

The statute of limitations applicable to actions alleging violations of a collective bargaining agreement, where the grievance-arbitration mechanism of the collective bargaining agreement has been utilized, is the state statute of limitations for actions challenging arbitration awards, rather than the limitations period for simple contract actions. *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981); *Davidson v. Roadway Express, Inc.*, 650 F.2d 902 (7th Cir. 1981); *Flowers v. Local 2602, United Steel Workers of America*, 671 F.2d 87 (2d Cir. 1981). This limitations period controls even if the grievance is not taken to arbitration. *Ross v. Bethlehem Steel Corp.*, 109 LRRM 2791 (D.Md.1981); *Fields v. Babcock & Wilcox*, 108 LRRM 3150 (W.D.Pa.1981); *Penson v. Chrysler Corp.*, 109 LRRM 3359 (W.D.

Ohio 1981). The statute begins to run whenever review under the grievance-arbitration mechanism is final.

█ In the District of Columbia, actions challenging arbitration awards must be brought "within 90 days after delivery of a copy of the award to the applicant." D.C. Code § 16–4311(b) (1981). Plaintiff received notice of the final action on his grievance on November 16, 1980. He did not file this action until May 6, 1982, well after the statute of limitations had run. Thus, this action is time barred.

Accordingly, it is this 23rd day of August, 1982

ORDERED that the motion of the defendant for summary judgment is hereby GRANTED, and that judgment be entered in favor of the defendant.