WALTER A. BROWN, INC., Appellant,

v.

Barbara J. MOYLAN, Appellee.

No. 84-1701.

District of Columbia Court of Appeals.

Argued Jan. 22, 1986.

Decided May 15, 1986.

Joanne Sgro, Washington, D.C., for appellant.

Gregory J. Ossi, Washington, D.C., for appellee.

Before NEBEKER, NEWMAN and TERRY, Associate Judges.

NEBEKER, Associate Judge:

Appellant Walter A. Brown, Inc. (WAB) raises several challenges to an order confirming an arbitration award rendered in favor of appellee Barbara Moylan. We conclude that appellant did not timely challenge the award in the trial court and that the court was therefore precluded from reaching the merits of his challenge. Accordingly, we affirm the confirmation order independently of the challenges.

Moylan and WAB contracted in January of 1983 for WAB to act as managing agent for a single family residence owned by Moylan. In addition to obtaining tenants and collecting rent, WAB agreed, among other things, to pay all invoices, bills, and expenses associated with the administration of the property and to arrange for any services or labor necessary for its maintenance. In addition, WAB was responsible for the negligence of independent contractors hired to do such labor if reasonable care was not exercised in their selection.

The contract also provided that if any "dispute or disagreement" arose between the parties as to their respective "rights, privileges, duties and obligations" in connection with the property, such a dispute would be resolved by arbitration. Both Moylan and WAB agreed that any arbitra-

tion award would be binding and enforceable in any court of competent jurisdiction.

In March of 1983, the property was rented to John and Shirley Johnson for a term of two years. The lease agreement provided that the Johnsons were to pay both the rent and the utilities. It soon became apparent, however, that the Johnsons were not financially capable of maintaining the house. By July of 1983, the gas company had terminated service to the house due to nonpayment of the gas bill.[1]

On December 24, 1983, Moylan discovered that because there was no heat in the house, water had frozen in the toilets and the sinks. She requested that WAB undertake repairs to avoid further damage to the house. The next day, WAB sent two maintenance men to the house to drain the water out of the plumbing system. Moylan returned to the house later that same day to find that several radiators had burst because of frozen water pipes. As a result, the house sustained substantial water damage.

Moylan subsequently filed a demand for arbitration alleging that WAB's mismanagement had resulted in the water damage to the house.

On July 11, 1984, following a hearing and the submission of post-hearing briefs, an arbitration award was rendered in favor of Moylan in the amount of $7,934. A copy of the award was mailed to the parties on July 12, 1984. On July 30, 1984, Moylan applied for confirmation of the award in Superior Court. Following the submission of two amended applications, WAB filed an answer on October 26, 1984. That answer raised several defenses to the application for confirmation. The award was confirmed on November 14, 1984.

Upon application of a party, the court shall confirm an arbitration award unless grounds supporting the vacation of the award are urged within ninety days of its delivery to the parties. D.C.Code §§ 16–4310, –4311(b) (1981).[2] The award in this case was mailed to the parties on July 12, 1984. Commercial Arbitration Rule 44 of the American Arbitration Association, which applies here, provides that placing the award in the mail constitutes delivery. Therefore, the award was delivered to WAB on July 12, 1984, and they had ninety days from that date in which to move to vacate.

█ There are two ways in which a party may present reasons for vacating an award: (1) by filing a petition with the trial court to vacate the award; or (2) by raising reasons supporting vacation in an answer to the other party's petition to confirm. *T & M Properties v. ZVFK Architects & Planners,* 661 P.2d 1040, 1043 (Wyo.1983); *Bloom v. Landy,* 72 Ill.App.3d 383, 394, 27 Ill.Dec. 878, 887, 389 N.E.2d 1286, 1295 (1979).[3]

█ Here, WAB never filed a motion to vacate the award. However, through its answer to Moylan's application to confirm, WAB was asking for the affirmative relief of having the arbitration award vacated. Although the answer was not framed as a counterclaim as such, the "defenses" raised constituted a request for affirmative relief. *See Chauffeurs Local 135 v. Jefferson Trucking Co., Inc.,* 628 F.2d 1023, 1027 (7th Cir.1980), *cert. denied,* 449 U.S. 1125,

---

**1.** It is undisputed that neither WAB nor Moylan was aware that gas service has been terminated as early as July. Moylan maintains, however, that WAB learned by November of 1983 that the gas had been shut off. We have no record of this factual dispute ever being resolved.

**2.** Where an applicant alleges that the award is predicated upon "corruption, fraud or other undue means," the ninety-day period runs not from the delivery of the award, but instead, from the time such grounds are known or should have been known to the applicant. D.C. Code § 16–4311(b). No such grounds are alleged here.

**3.** These cases, and the other cases cited herein, interpret the Uniform Arbitration Act which was adopted in the District of Columbia as the District of Columbia Arbitration Act and codified at D.C.Code § 16–4301 *et seq.* (1981).

101 S.Ct. 942, 67 L.Ed.2d 111 (1981) (interpreting Indiana law).

■ WAB filed its answer on October 26, 1984. This was 107 days after the delivery of the award. By failing to urge grounds for vacation of the award within the ninety-day statutory limit, WAB waived any right to challenge the award. D.C. Code § 16–4310; *Tung v. W.T. Cabe & Co.*, 492 A.2d 267, 269 (D.C.1985).

■ This conclusion is not altered by the fact that Moylan filed her petition to confirm within ninety days after the delivery of the award. The filing of a petition to confirm does not extend the ninety-day statutory period within which a request for vacation of the award must be presented. *Best Coin-Op, Inc. v. Clementi*, 120 Ill. App.3d 892, 899, 76 Ill.Dec. 403, 410, 458 N.E.2d 1057, 1062 (1983); *T & M Properties v. ZVFK Architects & Planners, supra*, 661 P.2d at 1043; *Schroud v. Van C. Argiris & Co.*, 78 Ill.App.3d 1092, 1095, 34 Ill.Dec. 428, 430, 398 N.E.2d 103, 105 (1979).

Accordingly, since the grounds supporting the vacation of the award were urged upon the trial court more than ninety days after its delivery, the court was precluded from considering the merits of the challenges. The confirmation award is therefore

*Affirmed.* [4]

---

**4.** *Max Holtzman, Inc. v. K & T Co.*, 375 A.2d 510, 513 n. 6 (D.C.1977) (appellate court may affirm judgment on different grounds than adopted by trial court); *see also Tung v. W.T. Cabe & Co., supra*, 492 A.2d at 270.