**Stephen SHAFF, Appellant,**

v.

**Susan E. SKAHILL, Appellee.**

**No. 91–CV–1389.**

District of Columbia Court of Appeals.

Argued Oct. 8, 1992.

Decided Dec. 11, 1992.

---

David A. Slacter, with whom Seth B. Popkin, were on the brief, for appellant.

Roy L. Kaufmann, for appellee.

Before FERREN, TERRY and SULLIVAN, Associate Judges.

SULLIVAN, Associate Judge:

Having participated in consensual, binding arbitration proceedings, appellant contends that the trial court erred by denying confirmation of the arbitrator's award of damages in his favor in the absence of legally sufficient grounds to vacate the award.[1] We agree and, accordingly, reverse the court's order and remand for the entry of an order confirming the arbitrator's award.

### I.

■ Appellee entered into two contracts with appellant and Mihail Karras for renovation of two houses owned by appellee in the District of Columbia. Both contracts provided that any claims and/or disputes between the parties arising out of or relating to the contracts would be decided by binding arbitration.[2] After a dispute arose, appellee filed suit in Superior Court against appellant and Karras[3] and alleged, *inter alia*, that the contracts were void and unenforceable. Appellee maintained that appellant and Karras were unlicensed home-improvement contractors who had required and accepted payment in advance of the full completion of all work required to be performed by them pursuant to the contracts, in contravention of the District of Columbia Home Improvement Licensing Regulations (hereinafter "licensing regulations").[4] Appellant then filed an unop-

---

1. Although the order in the present case states that confirmation of the arbitrator's award was *denied,* the language of the order is not dispositive, and we will consider the practical effect of such an order. *See Tung v. W.T. Cabe & Co.,* 492 A.2d 267 (D.C.1985). In our view, contrary to appellee's contention, we hold that the practical effect of the court's order denying confirmation was clearly to vacate the award. *See id.* at 268 n. 1.

2. Article 10.8 of each contract states:
 *All claims or disputes* between the Contractor and the Owner arising out [of] or relating to the Contract, or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect.... *The award rendered by the arbitrator or arbitrators shall be final,* and

judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof....
(Emphases added).

3. A default was entered against Karras pursuant to Super.Ct.Civ.R. 55(a) because of his failure to file a responsive pleading to appellee's complaint. Although the record on appeal discloses that proceedings in the trial court are not final as to Karras, the order denying confirmation of appellant's arbitration award is, nevertheless, an appealable order. D.C.Code § 16–4317(a)(3) (1989); *Brandon v. Hines,* 439 A.2d 496, 509 (D.C.1981).

4. 16 DCMR § 800.1 (1987) provides:
 No person shall require or accept any payment for a home improvement contract in

posed motion for a stay of proceedings in the trial court pending the outcome of arbitration proceedings that he sought to commence. Thereupon, the court entered an order staying further proceedings and affording the parties an opportunity to submit their dispute to arbitration. Appellant commenced an arbitration proceeding with the American Arbitration Association, which culminated in a hearing before an arbitrator in which both parties testified and presented witnesses and documentary evidence. The arbitrator awarded damages in favor of appellant.

On August 7, 1991, appellant filed a motion in Superior Court, pursuant to Super.Ct.Civ.R. 70–I,[5] to confirm the arbitration award. Appellee opposed the motion on the principal ground that the arbitrator's award was "wrong" and "presumed" to be based on an error of law committed by the arbitrator, namely, that the licensing regulations, see note 4, *supra*, did not apply to appellant.[6] The motions judge issued a brief order denying, without an opinion, appellant's motion to confirm the

arbitrator's award of damages. This appeal followed.

## II.

■ Arbitration in the District of Columbia is governed by the District of Columbia Uniform Arbitration Act, D.C.Code §§ 16–4301 to –4319 (1989). Section 16–4310 provides that, "[u]pon application of a party, the Court *shall* confirm an [arbitration] award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award...." *Id.* (Emphasis added). *See Thompson v. Lee,* 589 A.2d 406, 409 (D.C. 1991); *Celtech, Inc. v. Broumand,* 584 A.2d 1257, 1259 (D.C.1991); *Capozio v. American Arbitration Ass'n,* 490 A.2d 611, 615 (D.C.1985); *Brandon v. Hines, supra* note 3, 439 A.2d at 509. D.C.Code § 16–4311(a) sets forth five grounds for vacating an arbitration award,[7] none of which appellee relied on to challenge confirmation of appellant's arbitration award. Accordingly, appellant contends that since

---

advance of the full completion of all work required to be performed under the contract, unless the person is licensed as a home improvement contractor in accordance with the provisions of this chapter.

5. Rule 70–I provides in relevant part as follows:
(a) Complaint or other claim. An arbitration award, the judicial confirmation of which is authorized by statute or other applicable principles of law, may be confirmed as a judgment by filing an original claim, counterclaim, cross-claim or 3rd party claim....

\* \* \* \* \* \*

(c) Pleading defenses. All defenses to the claim at law or in equity shall be pleaded and stated with particularity.

6. Appellee can only speculate that this reason was the basis for the arbitrator's award since the arbitrator did not issue an opinion with his award. In the arbitration proceeding, appellant maintained that he was a renovation consultant, and, therefore, not required to possess a home improvement contractor's license to perform his contractual obligations with appellee. *See Karr v. C. Dudley Brown & Associates, Inc.,* 567 A.2d 1306, 1309 (D.C.1989) (evidence supported conclusion that plaintiff was not a "home improvement contractor" so as to render contract void on ground that plaintiff was not licensed or bonded under the Home Improvement Business Act, but, rather, a consultant in a renovation project). Unquestionably, the issue of whether or not appellant was required to possess a home

improvement contractor's license was certainly within the authority and discretion of the arbitrator to decide. See note 2, *supra; see also Brandon v. Hines, supra* note 3, 439 A.2d at 509, and *Sindler v. Batleman,* 416 A.2d 238, 243 (D.C. 1980).

7. D.C.Code § 16–4311 provides:
(a) Upon application of a party, the Court shall vacate an award where:
(1) The award was procured by corruption, fraud or other undue means;
(2) There was evident partiality by an arbitrator appointed as a neutral [sic] or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
(3) The arbitrators exceeded their powers;
(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 16–4315, as to prejudice substantially the rights of a party; or
(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under § 16–4312 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a Court of law or equity is not ground for vacating or refusing to confirm the award.

no statutory grounds were alleged by appellee to vacate the arbitrator's award, the motions judge erred by denying his motion to confirm the award. We agree.

 Appellee opposed the motion for confirmation of the award on the principal ground that appellant was an unlicensed home-improvement contractor who required and accepted payments for home-improvement work in contravention of the licensing regulations of the District of Columbia,[8] see note 4, *supra*. Thus, appellee argued before the motions judge, and argues in this court, that the arbitrator "made a highly prejudicial error of law" by making an award of damages in favor of appellant, and, accordingly, the motions judge properly denied confirmation of the arbitrator's award.[9] Appellee's arguments are not persuasive, however. Where, as here, a party has not sought to vacate an arbitrator's award on statutorily-recognized grounds pursuant to D.C.Code § 16–4311, see note 7, *supra*, courts cannot set aside such awards for errors of law or fact made by the arbitrator. *Celtech, Inc. v. Broumand, supra,* 584 A.2d at 1258; *Poire v. Kaplan,* 491 A.2d 529, 534 (D.C. 1985) The law is well-settled that "[j]udicial review of arbitration awards is limited." *Brandon v. Hines, supra* note 3, 439 A.2d at 509 (quoting *Sindler v. Batleman, supra* note 6, 416 A.2d at 242).

Accordingly, we reverse the order of the motions judge and remand this case for entry of an order confirming the arbitration award.

*Reversed and Remanded.*

---

**8.** Appellee argues that this was a valid defense to the appellant's motion for confirmation of the award pursuant to Super.Ct.Civ.R. 70–I(c), see note 5, *supra*. Rule 70–I(c), however, must be read in conjunction with D.C.Code § 16–4311 to mean reasons or grounds supporting the vacation of the award pursuant to that statute.

*See Walter A. Brown, Inc. v. Moylan,* 509 A.2d 98, 99 (D.C.1986).

**9.** The issue of whether appellant was required to be licensed was presumably resolved by the arbitrator in favor of appellant. See note 6, *supra*.