**Dale Curtis HOGUE, Sr., Appellant,**

v.

**POPHAM HAIK SCHNOBRICH & KAUFMAN LTD., et al., Appellees.**

**No. 99–CV–96.**

District of Columbia Court of Appeals.

Argued March 15, 2000.

Decided June 8, 2000.

---

1. Hernandez' attention is directed to the requirements of D.C.App. R. XI, § 14.

Dale Curtis Hogue, pro se.

Donald A. Farmer, Washington, DC, for appellees.

Before WAGNER, Chief Judge, and WASHINGTON, Associate Judge, and FERREN, Senior Judge.

WASHINGTON, Associate Judge:

This appeal arises from a dispute concerning compensation and retirement benefits claims of appellant, Dale Curtis Hogue, following the merger of his law partnership into a Minnesota professional law corporation that has an office in the District of Columbia. After an arbitration award was issued providing that Hogue pay appellees a sum of money for repayment of a loan, the trial court denied Hogue's motion to vacate the award and this court affirmed that decision on appeal. After our decision affirming the trial court's decision denying Hogue's motion to vacate, the trial court entered a judgment for the appellees. The central issue on appeal in this case is whether the trial court erred in confirming the judgment pursuant to D.C.Code § 16–4311(d) (1997 Repl.), in the absence of a motion and application by a party conforming with Sup.Ct. Civ. R. 70–I(b). We affirm.[1]

## I.

Hogue was a partner in the law practice of Mason, Fenwick & Lawrence (MFL) from July 1993 to June 1994. In 1993, Hogue procured a $50,000 loan from his MFL partners.[2] In 1994, the partners of

---

**1.** Hogue also presented two other arguments in his brief 1) that the trial court did not have jurisdiction to order the entry of the judgment because the alleged motion to enter the judgment was made by a non-party and 2) that the trial court abused its discretion by refusing to continue the status conference to another date. However, at oral argument, counsel conceded that the trial court confirmed the judgment *sua sponte* and no motion was made by a non-party to the suit. Counsel also conceded at oral argument that the trial court's decision not to grant a continuance of the date of the status hearing was not an abuse of discretion. Therefore, we do not address these issues raised in Hogue's brief.

**2.** In his first appeal Hogue claimed that the $50,000 was not a loan, but in fact an ad-

MFL signed an agreement to merge and become shareholders in Popham, Haik, Schnobrich & Kaufman, Ltd. (PHSK). PHSK acquired specified assets and assumed specified liabilities from MFL. PHSK, at the time of merger, was a Minnesota based law practice with an office in the District of Columbia. PHSK no longer practices law, has been renamed Popham, Haik & Schnobrich (PHS), and is in the process of winding up its affairs.

Leaving PHSK a few months after entering into the merger agreement, before repaying the $50,000 loan, Hogue asserted a number of claims against PHSK and MFL under the arbitration provisions provided in the merger agreement. Hogue's claims were denied by the arbitrator after several days of hearings. The arbitrator's award on May 28, 1996, required Hogue to repay the money he borrowed from MFL to PHSK, less any credit for the value of PHSK stock. On May 5, 1997, the trial court denied Hogue's motion to set aside the arbitration award. Hogue filed a motion to reconsider, and the trial court denied that motion on August 13, 1997. Hogue filed a timely notice of appeal to this court, and while the appeal was pending, a motion by the appellees for entry of a judgment was denied on March 19, 1998. This court affirmed the trial court's decision denying Hogue's motion to set aside the arbitration award in an unpublished Memorandum Opinion and Judgment, *Hogue v. Popham, Haik, Schnobrick & Kaufman*, No. 97–CV–960 (D.C. July 1, 1998). Hogue's petition for a rehearing was also denied by this court on July 22, 1998.

A status conference was scheduled by the trial court on December 11, 1998, to enter a judgment for appellees, consistent with the Memorandum Opinion and Judgment issued by this court. Hogue filed a motion to cancel the status conference, which was denied on December 10, 1998, with notices faxed to all parties. Neither Hogue nor his attorney attended the December 11, 1998 status conference, and on that date the trial court confirmed the arbitration award and entered a judgment in favor of appellees. On December 21, 1998, Hogue petitioned the trial court to vacate the judgment against him pursuant to Super. Ct. Civ. R. 60(b)(1), because his counsel "was unable to attend through circumstances beyond his control and excusable neglect." The trial court denied Hogue's motion to vacate the judgment on January 15, 1999, and Hogue submitted a timely appeal to this court on January 22, 1999.

**II.**

This matter comes to us after the trial court's initial denial of Hogue's motion to vacate the arbitration award, the affirmance of the trial court's decision by this court, and the entry of the judgment pursuant to our decision by the trial court at a status hearing. Hogue essentially argues that the trial court did not have the authority to confirm the judgment against him pursuant to D.C.Code § 16–4311(d),[3] without a motion by a party and an application complying with Super. Ct. Civ. R. 70–I(b).[4] Hogue makes this argument

vance payment of compensation, and that he was not liable for that amount.

**3.** D.C.Code § 16–4311 provides in pertinent part that:
    (a) Upon application of a party, the Court shall vacate an award....
    (d) If the application to vacate is denied and no motion to modify or correct the award is pending, the Court shall confirm the award.

**4.** Super Ct. Civ. R. 70–I(b) provides:

An arbitration award, the judicial confirmation of which is authorized by statute or other applicable principles of law may be confirmed as a judgment by filing a motion setting forth that (1) there was a written agreement or order to arbitrate, (2) there was an award rendered pursuant to the arbitration, and (3) there are annexed to the pleading copies of the following:
    (A) The agreement or order to arbitrate;
    (B) The selection or appointment, if any, of any arbitrator or umpire other than

even though the denial of his motion to vacate the arbitration award was affirmed by this court. His argument fails.

As a preliminary matter, our rules of procedure provide that after the issuance of an opinion by this court, the clerk will immediately note the entry of a judgment on the docket. The clerk enters the judgment without instruction by the court or a motion by a party. *See* D.C.App. R. 36(a).[5] In this case, the judgment confirming the arbitration award was not entered automatically before or upon the return of the case jacket from this court to the Superior Court. *See id.* Conceivably, the judgment was not entered perfunctorily because the docket did not list the entry of a judgment, but instead simply the denial of Hogue's motion to vacate the arbitration award. However, the absence of the entry of the judgment on the docket does not cause any legal confusion, as we are informed that the denial of a motion to vacate the award is the functional equivalent of an entry of the judgment. *See Tung v. W.T. Cabe & Co.*, 492 A.2d 267, 268 n. 1 (D.C.1985).

Despite Hogue's argument to the contrary, there is no legal significance to the fact that Hogue's original appeal to this court was from the trial court's order denying his motion to vacate the arbitration award, as opposed to an appeal from the trial court's entry of the judgment in favor of HSPK. Although the trial court's order denying his motion to vacate did not specifically state that the judgment was entered and confirmed for HSPK, indeed "that was the clear effect of its dismissal of the motion to vacate" because the "trial court's order finally determined the rights and obligations of the parties." *Id.* Thus, the procedural posture of Hogue's prior appeal presented this court with the question of whether the arbitration award should be vacated and, thus, whether Hogue would be liable via a civil judgment to pay a sum of money to the appellees. In *Hogue v. Popham, Haik, Schnobrick & Kaufman*, we decided this question in favor of the appellees and sustained the arbitrator's award against Hogue. Therefore, upon affirming the trial court's order denying Hogue's motion to vacate the award in *Hogue v. Popham, Haik, Schnobrick & Kaufman*, this court resolved that a judgment in the amount of the arbitration award would be entered against Hogue. *Id.* In fact, this court addressed the issue of the legal validity of the arbitration award at issue, albeit in passing, in *Hogue v. Hopper*, 728 A.2d 611, 615 n. 3 (D.C. 1999).[6] In *Hogue v. Hopper*, we expressed that "[t]he record does not disclose whether an order confirming the award has now been issued, but the legal validity of the arbitration award has been conclusively established by this court's MOJ." 728 A.2d at 615 n. 3 (citing D.C.Code § 16–4311(d) (1997)). Clearly, this court, in affirming the trial court's denial of Hogue's motion to vacate, ordered that a judgment be entered for the appellees. *See id.; Tung*, 492 A.2d at 268 n. 1.

---

that designated in the agreement or order;
(C) Each written extension of time, if any, within which to make the award;
(D) The award;
(E) Each notice, affidavit or other paper used upon any application to confirm, modify, or correct the award; and
(F) A copy of each order upon such an application.

5. *(a) Preparation and entry of judgments.* The notation of a judgment on the docket constitutes entry of judgment. The clerk shall prepare, sign, and enter the judgment immediately after receipt of the opinion of the court.... If a judgment is rendered without an opinion, the clerk shall prepare, sign and enter the judgment upon instructions from the court.

6. *Hogue v. Hopper* concerns a separate action brought by Hogue against the certified public accountant retained by MFL, who assisted in the winding up of the law firm after its merger with HPSK, for professional negligence, breach of fiduciary duty, and breach of contract. This case was remanded with respect to Hogue's claims of wrongful pre-merger representations by Hopper, after dismissal on a motion for summary judgment by the trial court.

At the point where a party has moved the trial court to consider vacating an award and such relief is denied, the consequence is the same as confirmation of a judgment, and no additional motion or further hearings are required for the court to enter a judgment. *See Tung,* 492 A.2d at 268 n. 1; D.C.Code § 16–4311(d). In fact, the plain language of D.C.Code § 16–4311(d) declares that if a motion to vacate is denied and no motion to modify or correct the award is pending, the trial court is to confirm the award. The same is true if a motion to correct or modify is denied. D.C.Code § 16–4312(b) provides that if an application to modify or correct is granted, the court is instructed to confirm the award as modified or corrected. The language of D.C.Code § 16–4312(b) further states that if the motion to modify or correct is denied, as with a motion to vacate, the court is authorized and directed to confirm the original award by the arbitrator.

Hogue argues, irrespective of D.C.Code § 16–4311(d), providing for the entry of judgment after the denial of a motion to vacate, that Super. Ct. Civ. R. 70–I(b) requires a subsequent motion and application by a party before an arbitration award can be judicially confirmed and entered as a judgment, and this was not done. Hogue is correct in stating that Rule 70–I(b) sets forth the criteria with which a party seeking entry of a judgment must comply. Hogue's misinterpretation of the application of Rule 70–I(b), however, arises from the fact that the entry of the judgment surfaced after the denial of his motion to vacate the arbitration award, and not upon an initial motion by appellees. If Hogue had not moved to vacate the award before appellees moved for entry of the judgment, appellees would have been required to abide by Rule 70–I(b). However, D.C.Code § 16–4311(d) specifically provides for the entry of judgment after a denial of a motion to vacate. Moreover, Rule 70–I(b) "must be read in con-

junction" and harmonized with the plain language of D.C.Code § 16–4311(d). *Shaff v. Skahill,* 617 A.2d 960, 963 n. 8 (D.C. 1992). Importantly, the language of Rule 70–I(b) is permissive and not mandatory, expressing that an arbitration award *may* be judicially confirmed as a judgment by filing a motion, while D.C.Code § 16–4311(d) dictates that after the denial of a motion to vacate the arbitration award, the court *shall* enter a judgment. Therefore, there need not be a motion by a party to confirm the judgment, if a motion to vacate has been submitted to the trial court and denied. *See* D.C.Code § 16–4311(d).

Given the practical effect of the trial court's denial of Hogue's motion to vacate the award and our affirmance of the same in a Memorandum Opinion and Judgment, *see Tung,* 492 A.2d at 268 n. 1; the trial court's entry of the judgment at a status conference was essentially a purely administrative task. In *Shaff,* this court announced that "the practical effect of the court's order denying confirmation [of a judgment] was clearly to vacate the award[,]" thus, it is evident that the practical effect of the court's order denying Hogue's motion to vacate the award was to confirm the judgment for the appellees. 617 A.2d 960, 963 n. 8 (D.C.1992); *See also Tung,* 492 A.2d at 268 n. 1.

The merits of the arbitration award and the trial court's ruling in favor of appellees' have been resolved by this court, and we do not revisit the issues raised by Hogue a second time on this appeal. We find no error with the trial court's entry of the judgment pursuant to D.C.Code § 16–4311(d), after the denial of Hogue's motion to vacate. Accordingly, the judgment of the trial court is

*Affirmed.*[7]

7. We find no merit in Hogue's argument that

the trial court's March 19, 1998 denial of the

In re B.B.P.

J.P., Appellant.

No. 97–FS–1160.

District of Columbia Court of Appeals.

Submitted Jan. 21, 1999.

Decided June 15, 2000.

Francis T. Lacey, Rockville, MD, appointed by the court, was on the brief for appellant.

Sumner J. Katz, Washington, DC, appointed by the court, was on the brief for appellee B.B.P.

Jo Anne Robinson, Principal Deputy Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Erica L. Easton and Sheila Kaplan, Assistant Corporation Counsel, were on the brief for appellee District of Columbia.

Before TERRY and STEADMAN, Associate Judges, and GALLAGHER, Senior Judge.

appellees' motion to enter the judgment, while the appeal was pending, revoked the trial court's denial of his motion to vacate the award. *See Hogue v. Hopper,* 728 A.2d at 615 n. 3 (commenting that the trial court denied the March 19, 1998 motion to confirm the arbitration award "presumably because the appeal from the trial court's denial of the motion to vacate the award was still pending"). The request for the entry of the judg-

ment and the trial court's denial of the same were made subsequent to the date that a notice of appeal was filed in this case. Once "[a]n appeal is perfected, our jurisdiction attaches," and the trial court loses jurisdiction over the case, thus, the trial court's denial of appellees' motion to enter judgment is of no legal consequence. *Abrams v. Abrams,* 245 A.2d 843, 844 (D.C.1968).