**ACTION BOX CO., INC., Appellant**

v.

**PANEL PRINTS, INC., Appellee.**

No. 14–02–01356–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 27, 2004.

Rehearing Overruled March 11, 2004.

Sheldon Richie, Dawn M. Knepper, San Antonio, TX, for appellants.

Richard James Judge, Spring, TX, for appellees.

Panel consists of Justices RICHARD H. EDELMAN, FROST, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this arbitration dispute, Action Box Co., Inc. appeals a judgment denying its motion to modify or vacate an arbitrator's decision in favor of Panel Prints, Inc. on the grounds that: (1) the arbitrator exceeded his powers; (2) the arbitrator exercised a manifest disregard for the law; and (3) public policy mandates reversal of the arbitrator's decision. We affirm.

## Background

In a previous lawsuit, Action Box and Panel Prints entered into a settlement agreement (the "agreement") containing an arbitration provision. After a dispute arose over the agreement, the ensuing arbitration resulted in a take-nothing decision against Action Box, it filed a motion to modify or vacate the arbitrator's decision,[1] and the trial court entered a final order denying this motion.

## Jurisdiction

■ As a preliminary matter, we will address whether the judgment in this case is appealable, and thus whether this court has jurisdiction over this appeal. A party may appeal a judgment or decree entered under chapter 171 of the Civil Practice and Remedies Code (the "CPRC") or an order: (1) denying an application to compel arbitration; (2) granting an application to stay arbitration; (3) confirming or denying confirmation of an award; (4) modifying or

correcting an award; or (5) vacating an award without directing a rehearing. TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a) (Vernon Supp.2004). Although we have found no cases addressing this aspect, the only interpretation we can discern for section 171.098(a) is that a party may appeal any *final* judgment entered under chapter 171 and any order, even if interlocutory, of the five enumerated types.

Because the order entered in this case is not one of those five enumerated types, the judgment in this case is appealable if it is a judgment entered under chapter 171. Again, having found no cases to instruct us on this, we will construe the statute according to its plain meaning, reading it as a whole to give effect to every part. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003). Chapter 171 does not purport to limit the types of judgments that may be entered with regard to arbitrations,[2] and, if the judgment in this case is not one that was entered under chapter 171, then it is not apparent under what statute or other authority it could have been entered. Nor can we conclude that the judgment in this case is merely interlocutory because it disposed of all parties and requests for relief that were pending before the trial court. Under these circumstances, we find no basis to conclude that the judgment in this case falls outside the general rule allowing the appeal of final judgments,[3] and we proceed to the merits of the case.

## Arbitrator Exceeding Powers

■ Action Box's first issue argues that the trial court erroneously denied its

1. Neither party filed a motion to confirm the arbitration award or sought other relief.

2. Although section 171.092 requires a trial court to enter a corresponding judgment whenever it grants an order confirming, modifying, or correcting an award, it does not

restrict the authority of a court to enter other types of judgments relating to arbitrations.

3. Because this provision is substantially the same as the corresponding provision under the Uniform Arbitration Act, it is to be construed not only to effect its purpose, but also

motion to modify or vacate the arbitrator's decision on the ground that the arbitrator had exceeded his powers by misinterpreting the operative agreement and erroneously admitting parol evidence to construe it even though it was unambiguous. The authority of an arbitrator derives from the arbitration agreement and is limited to a decision of the matters submitted therein. *Gulf Oil Corp. v. Guidry*, 160 Tex. 139, 327 S.W.2d 406, 408 (1959). Action Box does not contend that the arbitrator decided an issue that was outside the scope of the agreement, but merely that he decided an issue within the scope of that agreement incorrectly. Because this would not amount to exceeding his powers (even if true),[4] Action Box's first issue affords no basis for relief and is overruled.

## Manifest Disregard

■ Action Box's second issue contends that the arbitrator exercised a manifest disregard of the law by imposing an obligation on Action Box to perform the agreement in good faith. However, the manifest disregard standard is a federal common law doctrine, the underlying rationale for which the United States Supreme Court has largely rejected as reflecting a general suspicion of the desirability of arbitration and competence of arbitration tribunals that is difficult to reconcile with the Court's subsequent decisions involving the Federal Arbitration Act. *See Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 231–32, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). Moreover, Action Box has cited, and we have found, no Texas case applying the manifest disregard standard except in circumstances where the Federal Arbitration Act, rather than the Texas Arbitration Act, applied. Because there is no allegation in this case that the federal act applies here,[5] Action Box has not demonstrated that the manifest disregard standard has any application to this case. Accordingly, we decline to apply it and overrule Action Box's second issue, asserting a violation of that standard.

## Public Policy

■ Action Box's third issue asserts that reversal of the arbitrator's decision is

---

to provide a uniform construction among the respective states. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.003 (Vernon Supp.2004). Although we do not adopt their reasoning, courts in other states have found denials of motions to vacate to be appealable on the basis that such a denial is equivalent to a confirmation of the award because confirmation is required by the statute if a motion to vacate, modify, or correct is denied. *See Hogue v. Popham Haik Schnobrich & Kaufman Ltd.*, 753 A.2d 1014, 1017–18 (D.C.2000); *Tung v. W.T. Cabe & Co.*, 492 A.2d 267, 268 n. 1 (D.C.1985) (same); *McClellan v. Barrath Constr. Co.*, 725 S.W.2d 656, 658–59 (Mo.Ct. App.1987); *Indep. Sch. Dist. No. 88 v. Sch. Serv. Employees Union Local 284*, 490 N.W.2d 431, 433 n. 1 (Minn.Ct.App.1992); *Kemether v. Aetna Life & Cas. Co.*, 656 A.2d 125, 126–27 (Pa.Super.Ct.1988). *But see W. Waterproofing*

*Co. v. Lindenwood Colls.*, 662 S.W.2d 288, 289 (Mo.Ct.App.1983) (holding no appeal from the denial of a motion to vacate); *Dunlap v. State Farm Ins. Co.*, 377 Pa.Super. 165, 546 A.2d 1209, 1210–11 (1988) (holding that an order denying a motion to vacate was not final because the trial court had failed to also enter an order confirming the arbitration award).

4. *See Hisaw & Assocs. Gen. Contractors, Inc. v. Cornerstone Concrete Sys., Inc.*, 115 S.W.3d 16, 20 (Tex.App.-Fort Worth 2003, no pet.).

5. Moreover, where applicable, the federal act preempts all otherwise applicable state laws. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 271 (Tex.1992). Therefore, the state law standard under the CPRC and the federal common law standard could not apply in the same case, as Action Box contends.

required by public policy because such erroneous decisions discourage litigators from participating in arbitration. An arbitration award cannot be set aside on public policy grounds except in an extraordinary case in which the award clearly violates carefully articulated, fundamental policy. *CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 239 (Tex.2002). An arbitration award made in direct contravention of constitutional protections, such as wholly disregarding the requirements for perfecting a mechanic's lien on a homestead, would be of such a magnitude as to violate public policy. *Id.* Because the contract interpretation errors complained of by Action Box in this case do not begin to approach such a fundamental policy contravention, its third issue is overruled, and the judgment of the trial court is affirmed.