**Affirmed and Opinion filed July 10, 2012.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-10-00939-CV**

---

**MARY E. EWING, Appellant**

**V.**

**ACT CATASTROPHE-TEXAS L.C., Appellee**

---

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2008-66362**

---

## OPINION

This appeal arises from a trial court's order confirming an arbitration award against a homeowner following a dispute between the homeowner and a contractor who performed restoration work on her home. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff/appellee ACT Catastrophe-Texas L.C. filed suit on November 5, 2008, against defendant/appellant Mary Ewing and defendants Dean Marshall[1] and Financial Casualty & Surety, Inc., seeking recovery of $29,502.58 for the restoration work it performed on Ewing's home. According to the live pleadings, after a fire in Ewing's home, Ewing filed a claim with her insurer, Financial Casualty & Surety, Inc., and ACT Catastrophe-Texas conducted emergency restoration work on the home. ACT Catastrophe-Texas alleged that Ewing refused to endorse checks from Financial Casualty & Surety, Inc. that were payable to both Ewing and ACT Catastrophe-Texas for the restoration work.

Ewing answered, asserting various defenses. Ewing also filed a counterclaim, alleging that the work was not fully performed as promised. The record reflects the following:

- ACT Catastrophe-Texas informed all defendants in July 2009 of its intent to initiate arbitration pursuant to an arbitration clause in a contract and work authorization signed by Ewing before commencement of the restoration work. ACT Catastrophe-Texas initiated an arbitration proceeding against Ewing in August 2009. Ewing did not raise any objections.

- In September 2009, the American Arbitration Association contacted the parties via multiple letters, informing the parties of the arbitrator selection process, confirming the subsequent appointment of an arbitrator, and setting a date for a preliminary hearing. Ewing was included or copied on these communications and did not raise any objections.

- Ewing did not participate in the preliminary hearing on October 6, 2009. At one point during the conference call, the American Arbitration Association called the office of Ewing's counsel and was told that counsel was in the office. The American Arbitration Association sent another letter to the parties requesting them to submit any objections to the arbitrator by a certain date and instructing the parties to exchange copies of all exhibits by another date. ACT Catastrophe-Texas hand-delivered exhibits to Ewing's

---

[1] Apparently, Marshall is Ewing's son who lived with her. Neither Marshall nor Financial Casualty & Surety, Inc. are parties on appeal.

counsel. Ewing did not assert any objections or tender copies of any exhibits.

- ACT Catastrophe-Texas participated in the arbitration hearing on October 23, 2009, on its claims against Ewing. Neither Ewing nor her counsel appeared or participated in the arbitration. The arbitrator issued an award against Ewing and in favor of ACT Catastrophe-Texas.

ACT Catastrophe-Texas moved to confirm the arbitration award. Ewing opposed this motion. The trial court held a hearing on the motion. At the hearing, Financial Casualty & Surety, Inc. asserted that it had the funds available to tender to the court registry but that Ewing would not sign a policy release necessary to release the funds. At the hearing, Ewing objected to the motion to confirm the arbitration award, claiming that she did not participate in arbitration because there was no court order compelling her participation.

The trial court signed an order on January 26, 2010, confirming the arbitration award and rendering judgment against Ewing based upon the arbitration award. Although the trial court's order of January 26, 2010, was entitled "Final Judgment," the trial court had not yet disposed of all claims. Following a subsequent bench trial on the claims of Dean Marshall and Financial Casualty & Surety, Inc., the trial court rendered a final judgment in which the court rendered judgment against Ewing based upon the arbitration award. Ewing's motion for new trial was denied by operation of law. Ewing now appeals the trial court's final judgment.

## II. ISSUES AND ANALYSIS

**A. Did the trial court err by rendering judgment upon the arbitration award despite the homeowner's alleged lack of agreement to arbitrate, the absence of an order compelling arbitration, and the failure of the contractor to arbitrate its claims against the other two defendants?**

In her first issue, Ewing asserts that she is not bound by the arbitration award because (1) she did not agree to arbitrate; (2) the trial court never ordered the parties to arbitrate; and (3) ACT Catastrophe-Texas did not arbitrate its claims against the other

two defendants in the case. In her second issue, Ewing asserts that the trial court erred in rendering judgment based upon the arbitration award for the same three reasons.

In the arbitration clause the parties did not specify whether the Federal Arbitration Act ("Federal Act") or the Texas Arbitration Act ("Texas Act") applies, and, on appeal, the parties have not taken a position on this issue. *See* 9 U.S.C. §1, *et seq.*; Tex. Civ. Prac. & Rem. Code Ann. § 171.001, *et seq.* In the case under review, there is no order compelling arbitration or denying a stay of arbitration for this court to review. *See Perry Homes v. Cull*, 258 S.W.3d 580, 585–87 (Tex. 2008) (holding that appellate courts may review trial court orders compelling arbitration on appeal from final judgment rendered upon confirmation of arbitration award). In this context, to the extent that the Federal Act applies, the arguments raised by Ewing in her first two issues would not be valid grounds for reversing the trial court's judgment because they are not listed in the Federal Act. *See* 9 U.S.C. §§ 10, 11; *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U. S. 576, 578, 128 S. Ct. 1396, 1400, 170 L.E.2d 254 (2008) (holding that grounds stated in the Federal Act for vacating or modifying an arbitration award are exclusive); *LeFoumba v. Legend Classic Homes, Ltd.*, No. 14-08-00243-CV, 2009 WL 3109875, at *2 (Tex. App.—Houston [14th Dist.] Sept. 17, 2009, no pet.) (rejecting appellant's argument for vacating arbitration award under the Federal Act because the argument was not one of the grounds listed in the Federal Act) (mem. op.).

In the Texas Act, the Legislature has provided that "[u]nless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award." Tex. Civ. Prac. & Rem. Code Ann § 171.087 (West 2012). Under section 171.088(a)(4),[2] on application of a party, the trial court shall vacate an arbitration award if "there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B [of Chapter 171], and the party did not participate in the arbitration hearing without raising the objection." *See* id. § 171.088(a)(4) (West 2012). In the case under review, there were no proceedings

---

[2] Unless otherwise specified, all statutory references in this opinion are to the Texas Civil Practice and Remedies Code.

under Subchapter B of Chapter 171, and Ewing did not participate in the arbitration hearing. Therefore, if the Texas Act applies, the absence of an agreement by Ewing to arbitrate is a ground for vacating the arbitration award that Ewing properly could raise in the trial court in response to the motion to confirm. But, Ewing did not present this complaint to the trial court. Therefore, Ewing failed to preserve error. *See* Tex. R. App. P. 33.1; *Kline v. O'Quinn*, 874 S.W.2d 776, 790–91 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (holding that party seeking to vacate or modify arbitration award in trial court failed to preserve error regarding grounds for avoiding confirmation of award that were not asserted in the trial court) (op. on reh'g). In any event, Ewing admits that she signed a "Work Authorization" agreement with ACT Catastrophe-Texas for the restoration work on her home. This agreement contains the following arbitration clause:

> 4. Arbitration. The parties agree that any controversy or claim arising out of or relating to this Authorization, the services of ACT, or any breach therof shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction over such controversy or claim. Any such claim shall be submitted prior to two years from completion of the work by ACT or be barred.

Ewing next argues that she is not bound by the arbitration award because (1) the trial court never ordered the parties to arbitrate and (2) ACT Catastrophe-Texas did not arbitrate its claims against the other two defendants. Ewing preserved error on these arguments in the trial court. The record reflects that no party applied for an order compelling arbitration, nor did any party apply for an order staying arbitration; therefore, there is no order under Subchapter B of Chapter 171 for this court to review. *See* Tex. Civ. Prac. & Rem. Code Ann § 171.021, 171.023 (West 2012); *Perry Homes*, 258 S.W.3d at 585–87.

These two grounds are not statutory grounds under the Texas Act for vacating, modifying, or correcting an arbitration award. *See* Tex. Civ. Prac. & Rem. Code Ann § 171.087. In these grounds, Ewing does not assert constitutional violations, nor does she claim that the award clearly violates carefully articulated, fundamental public policy.

5

*See CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 239 (Tex. 2002) (stating that arbitration award may be set aside on public policy grounds in the extraordinary situation in which the award clearly violates carefully articulated, fundamental policy); *Action Box Co. v. Panel Prints, Inc.*, 130 S.W.3d 249, 252–53 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (rejecting public policy argument for vacating arbitration award because the argument did not meet the standard set by the high court in the *CVN Group* case); *Kline*, 874 S.W.2d at 783–84, 790–91 (addressing argument that arbitration award violated United States and Texas constitutions). Presuming, without deciding, that common-law grounds for vacating an arbitration award still may be used to vacate an award under the Texas Act, these common-law grounds would be that the award is "tainted with fraud, misconduct, or gross mistake as would imply bad faith and failure to exercise honest judgment." *See Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002) (presuming for sake of argument that common-law grounds could be used to vacate award under Texas Act but holding that legal standard for common-law ground in question was not satisfied); *Riha v. Smulcer*, 843 S.W.2d 289, 292 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (listing the common-law grounds for vacating an arbitration award). Ewing's two arguments are not valid statutory grounds under the Texas Act for vacating, modifying, or correcting the award, nor are they constitutional, public policy, or common-law grounds for avoiding confirmation of the award. *See* Tex. Civ. Prac. & Rem. Code Ann § 171.087; *CVN Group, Inc.,* 95 S.W.3d at 239; *Kline*, 874 S.W.2d at 783–84, 790–91; *Riha*, 843 S.W.2d at 292. Therefore, if the Texas Act applies, these arguments do not provide a basis for reversing the trial court's confirmation of the award or judgment on the award.

Regardless, under the plain meaning of the Texas Act, an arbitration may be conducted and an arbitration award may be rendered and enforced without any order under section 171.021 compelling the parties to arbitrate. *See* Tex. Civ. Prac. & Rem. Code Ann § 171.001, *et seq*.; *Perry Homes*, 258 S.W.3d at 592 (stating "parties may begin arbitration without a court order . . . [b]ut Texas procedure also contemplates that

6

parties may file suit in order to compel arbitration"). Courts have reached a similar conclusion under the arbitration statutes of other states. *See Tutti Mangia Italian Grill, Inc. v. American Textile Maintenance Co.*, 128 Cal. Rptr.3d 551, 555–57 (Cal. Ct. App. 2011) (rejecting argument of party who did not appear at arbitration that order compelling arbitration was necessary before arbitration award may be confirmed); *North Central Utilities, Inc. v. East Columbia Water Dist.*, 449 So.2d 1186, 1188 (La. Ct. App. 1984) (same as *Tutti Mangia Italian Grill*).

Likewise, nothing in the parties' arbitration agreement requires an order to compel arbitration before the parties may proceed with the arbitration process. If Ewing thought that there was no agreement to arbitrate, she could have sought a court order staying the arbitration. *See* Tex. Civ. Prac. & Rem. Code Ann § 171.023. Despite receiving notice, Ewing chose not to appear at the arbitration hearing. Nothing in the Texas Act or the parties' agreement required ACT Catastrophe-Texas to obtain an order compelling arbitration or prevented the arbitrator from proceeding with the arbitration hearing despite Ewing's failure to appear. *See Perry Homes*, 258 S.W.3d at 592.

In addition, nothing in the Texas Act or the parties' agreement required defendant Dean Marshall or defendant Financial Casualty & Surety, Inc. to participate in the arbitration for there to be a valid arbitration award against Ewing.

Accordingly, we overrule Ewing's first and second issues.

**B.     Did the trial court violate the homeowner's constitutional due process rights by rendering judgment on an arbitration award issued after a hearing at which the homeowner did not appear?**

In her third issue, Ewing asserts that the trial court violated her due process rights and the open courts provision of the Texas Constitution by rendering judgment on the arbitration award even though she did not have an opportunity to be heard due to her absence at the arbitration hearing. *See* U.S. CONST. amend. XIV, §1; TEX. CONST. art. I, §§ 13, 19.

7

Ewing waived her argument regarding the open courts provision of the Texas Constitution by not presenting it in the trial court. *See* TEX. R. APP. P. 33.1(a); *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (holding that, to preserve argument for appellate review, including constitutional arguments, party must present it to trial court by timely request, motion, or objection, state specific grounds therefore, and obtain ruling); *Langston v. City of Houston*, No. 14-08-000063-CV, 2009 WL 3003259, at *3 (Tex. App.—Houston [14th Dist.] Aug. 6, 2009, no pet.) (mem. op.) (same).

We presume that Ewing preserved error regarding her due process complaint by means of the objections to the entry of judgment that she asserted in the trial court. The record reflects that Ewing had notice of the arbitration proceeding. Parties in an arbitration proceeding have due process rights to notice and a meaningful opportunity to be heard. *See Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 729 (5th Cir. 1987). Significantly, Ewing does not claim that she had no notice of the arbitration hearing; rather, she complains that because the arbitrator conducted the arbitration hearing despite her absence, she was deprived of her "right to be heard." The Due Process Clause does not mandate the parties be heard at the arbitration hearing; rather, the Due Process Clause requires that the parties be given a meaningful opportunity to be heard at the arbitration hearing. *See id.*; *Univ. of Tex. Med. School v. Than*, 901 S.W.2d 926, 930 (Tex. 1995). If a party's absence at the arbitration hearing is the result of her decision not to attend, there is no due process violation. *See Bernstein Seawell & Kove*, 813 F.2d at 729. Ewing has not shown that she was deprived of a meaningful opportunity to be heard in the arbitration proceeding, and she has not shown any violation of her due process rights.

Accordingly, we overrule Ewing's third issue.

**C. Did the trial court err by impliedly concluding that the contractor did not waive its rights under the arbitration clause by substantially invoking the judicial process to the homeowner's detriment or prejudice?**

In her fourth issue, Ewing asserts that ACT Catastrophe-Texas waived its right to arbitrate by substantially invoking the judicial process to her prejudice. Ewing raised this issue for the first time in response to ACT Catastrophe-Texas's motion to confirm the

8

arbitration award in the trial court. No party applied for an order compelling arbitration, nor did any party apply for an order staying arbitration; therefore, there is no order under Subchapter B of Chapter 171 for this court to review. *See* Tex. Civ. Prac. & Rem. Code Ann § 171.021, 171.023; *Perry Homes*, 258 S.W.3d at 585–87 (reviewing waiver-of-arbitration argument preserved by trial court's order compelling arbitration). In this context, to the extent that the Federal Act applies, the waiver-of-arbitration argument raised by Ewing in her fourth issue would not be a valid ground for reversing the trial court's judgment because this ground is not listed in the Federal Act. See 9 U.S.C. §§ 10, 11; *Hall Street Assocs.*, 552 U. S. at 578, 128 S. Ct. at 1400 (holding that grounds stated in the Federal Arbitration Act for vacating or modifying an arbitration award are exclusive); *LeFoumba*, 2009 WL 3109875, at *2 (rejecting appellant's argument for vacating arbitration award under the Federal Act because the argument was not one of the grounds listed in the Federal Act).

Under the Texas Act, an alleged waiver of the right to arbitrate is not a statutory ground for vacating, modifying, or correcting an arbitration award. *See* Tex. Civ. Prac. & Rem. Code Ann § 171.087. This alleged waiver does not constitute a constitutional violation or a clear violation of carefully articulated, fundamental public policy. *See CVN Group, Inc.,* 95 S.W.3d at 239 (stating that arbitration award may be set aside on public policy grounds in the extraordinary situation in which the award clearly violates carefully articulated, fundamental policy); *Action Box Co.*, 130 S.W.3d at 252–53 (rejecting public policy argument for vacating arbitration award because the argument did not meet the standard set by the high court in the *CVN Group* case); *Kline*, 874 S.W.2d at 783–84, 790–91 (addressing argument that arbitration award violated United States and Texas constitutions). Presuming, without deciding, that common-law grounds for vacating an arbitration award still may be used to vacate an award under the Texas Act, these common-law grounds would be that the award is "tainted with fraud, misconduct, or gross mistake as would imply bad faith and failure to exercise honest judgment." *See Callahan & Assocs.*, 92 S.W.3d at 844 (presuming for sake of argument that common-

9

law grounds could be used to vacate award under Texas Act but holding that legal standard for common-law ground in question was not satisfied); *Riha*, 843 S.W.2d at 292 (listing the common-law grounds for vacating an arbitration award). Waiver is not a common-law ground for vacating an arbitration award. *See Riha*, 843 S.W.2d at 292. Ewing's waiver argument is not a valid statutory ground under the Texas Act for vacating, modifying, or correcting the award, nor is it a constitutional, public policy, or common-law ground for avoiding confirmation of the award. *See* Tex. Civ. Prac. & Rem. Code Ann § 171.087; *CVN Group, Inc.,* 95 S.W.3d at 239; *Kline*, 874 S.W.2d at 783–84, 790–91; *Riha*, 843 S.W.2d at 292. For this reason, if the Texas Act applies, this waiver argument does not provide a basis for reversing the trial court's confirmation of the award or judgment on the award.[3] Accordingly, we overrule Ewing's fourth issue.

The trial court's judgment is affirmed.


/s/      Kem Thompson Frost
         Justice



Panel consists of Justices Frost, Brown, and Christopher.

---

[3] Even if waiver were a valid ground, we would conclude that Ewing did not meet her burden of showing that ACT Catastrophe-Texas waived its rights under the arbitration clause by substantially invoking the judicial process to her detriment or prejudice.